COUNSEL:

Enclosed please find a Scheduling Conference/Litigation Plan Form for the Telephonic Scheduling Conference set before Judge Dale. Listed below are instructions that counsel shall follow:

- **Plaintiff shall send a copy of this Notice and Litigation Plan to all counsel/parties not listed on the Notice of Electronic Filing and Service. In the event Defendant(s) has/have not yet been served or has/have not yet appeared, Plaintiff shall contact Judge Dale's Courtroom Deputy, Amy Hickox, at (208) 334-9387.**

- **If the date and time set for the Scheduling Conference is not acceptable to any party, the parties are to first meet and confer; second, agree on alternate dates to conduct the Scheduling Conference; and third, contact Judge Dale's Courtroom Deputy, Amy Hickox, at (208) 334-9387 to reschedule.**

- **If an agreement absolutely cannot be reached on the Litigation Plan, each party shall then file its own Plan by the due date, indicating the areas of disagreement.**

- **The Litigation Plan SHALL be filed with the Court at least one week before the Scheduling Conference.**

- **Counsel should review and be familiar with Local Rule 73.1 regarding the consent process for proceeding before a magistrate judge. The parties may consent individually, stipulate to proceed before the magistrate judge, or request reassignment to a district judge as outlined in the Rule.**

- **Pursuant to Local Rules 16.1 and 16.4, Judge Dale requires counsel/parties to discuss the merits of a voluntary case management conference, mediation, a judicially-supervised settlement conference, or arbitration with their clients and each other prior to the Telephonic Scheduling Conference.**

- **For information on types of mediation or ADR available, call (208) 334-1361 and ask for the Alternative Dispute Resolution Director.**

If I may be of assistance, please feel free to contact me at (208) 334-9387.

Sincerely,

/s/
Amy Hickox
Deputy Clerk

This form may assist you in submitting a proposed scheduling time-frame for your case. Plaintiff's counsel should contact all parties and discuss the Litigation Plan, and should the parties stipulate to the dates proposed, only ONE Plan needs to be returned to the Court.

**This Scheduling Conference/Litigation form is to be filled out and filed with the Court no later than one week prior to the scheduling conference.**

CASE #:_____     NATURE OF SUIT:_____

CASE NAME:_____

PARTY SUBMITTING PLAN:_____

[ ] Plan has been stipulated to by all parties

[ ] Plan has not been stipulated to, but is submitted by:

ATTORNEY / FIRM:_____

REPRESENTING:_____

**I. TRIAL TRACK**: Indicate the track that best fits your case. (Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.)

[ ] **Expedited Track** (Typically, cases on this track will get a trial date in 6 to 9 months; take 4 days or less to try; involve limited discovery; and have no, or limited expert testimony.)

[ ] **Standard Track** (Typically, cases on this track will get a trial date in 12 months; take about 5-10 days to try; and have about one or two experts per side.)

[ ] **Complex Track** (Typically, cases on this track will get a trial date in 18-24 months; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.)

[ ] **Legal Track** (Cases on this track involve legal issues which are likely to be resolved by motion rather than trial. A motion hearing will be set, but no trial date will be set until it is clear that the case cannot be resolved by motion.)

**II. DISCOVERY PLAN** (*Judge Dale requires the parties to follow Rule 26(f)(2) and to meet and confer for the purposes of outlining and/or agreeing to a discovery plan, including issues related to discovery of electronically stored information, if either party contemplates such discovery, for discussion with the Court at the time of the scheduling conference.*)

A. INITIAL DISCLOSURES TO BE EXCHANGED:_____

B. NUMBER AND LENGTH OF DEPOSITIONS (*Local Rule 30.1 requires the parties' agreement or authorization by the Court if either party requests more than 10 depositions or to spend more than 7 hours conducting any deposition.*)

Plaintiff(s):_____

Defendant(s):_____

**III. LITIGATION PLAN** (*Judge Dale prefers that parties anticipate the amount of time needed to complete discovery, set deadlines for discovery and for filing dispositive motions.*)

A. JOINDER OF PARTIES & AMENDMENT
OF PLEADINGS CUT-OFF DATE:_____

B. FACTUAL DISCOVERY CUT-OFF DATE:_____

C. EXPERT TESTIMONY DISCLOSURES: (Local Rule 26.2 (b))

Plaintiff to identify and disclose expert reports by:_____

Defendant to identify and disclose expert reports by:_____

Plaintiff to identify and disclose rebuttal expert reports, if any, by:_____

ALL discovery relevant to experts shall be completed by:_____

D. DISPOSITIVE MOTIONS FILING CUT-OFF DATE:_____

E. TRIAL DATE – Generally, a trial date will not be set until either completion of dispositive motions or unsuccessful ADR. At that time, a status conference will be held and a trial date will be set. This will be a first setting and is generally 60-120 days from the date of the status conference.

**IV. ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

\_\_\_\_ MEDIATION (General Order No. 130) (Local Rule 16.4(b)(2))
\_\_\_\_ SETTLEMENT CONFERENCE (Local Rule 16.4(b)(1))
\_\_\_\_ ARBITRATION (General Order No. 92) (Local Rule 16.4(b)(3))
\_\_\_\_ VOLUNTARY CASE MANAGEMENT CONFERENCE (Local Rule 16.1(A)).
\_\_\_\_ OTHER_____

ADR to be held by:_____

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, arbitration, or some other form of ADR, the court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients.