Fredric V. Shoemaker, ISB # 1687
Thomas J. Lloyd III, ISB # 7772
**GREENER BURKE SHOEMAKER P.A.**
950 W. Bannock Street, Suite 900
Boise, Idaho 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: fshoemaker@greenerlaw.com
          tlloyd@greenerlaw.com

Steven M. Cvitanovic (*Admitted Pro Hac Vice*)
H. Ann Liroff (*Admitted Pro Hac Vice*)
**HAIGHT BROWN & BONESTEEL LLP**
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: (415)546-7500
Facsimile: (415)546-7505
Email:  scvitanovic@hbblaw.com
           aliroff@hbblaw.com

Attorneys for Defendant KINETIC SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual,<br><br>              Plaintiff,<br><br>    vs.<br><br>KINETIC SYSTEMS, INC., a California corporation,<br><br>              Defendant. | Case No. CV 09-00579-CWD<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant KINETIC SYSTEMS, INC. ("KSI"), hereby submits the following Reply to Plaintiff's Opposition to this motion:

In his opposition, Plaintiff relies on unsupported legal arguments and affidavit testimony in direct contradiction with his own deposition testimony in this action. The entry of summary judgment is necessary and appropriate on all of Plaintiff's claims, as Plaintiff has failed to create

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 1**

any issue of material fact, and fails to meet applicable legal standards that would preclude the entry of summary judgment, or otherwise entitle him to any relief on his asserted causes of action.

**A. Standard on Summary Judgment.**

As a preliminary matter, and despite Plaintiff's assertion to the contrary, KSI has met the relevant standards for clarity and definitiveness in its motion pursuant to F.R.C.P. 7(b)(1)(B). While Plaintiff claims that the Rule under which KSI has moved for summary judgment "is not entirely clear", [1] the very first sentence of KSI's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("KSI Memo") suggests otherwise.[2]

The standards for summary adjudication under F.R.C.P. 56 are well-established and undisputed..[3] Particularly, KSI emphasizes Plaintiff's burden of presenting *admissible* evidence to oppose summary judgment.[4] (Plaintiff's Memo, p. 3 (citing *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725 (9th Cir. 2009).)  For the reasons previously asserted and as further amplified below, Plaintiff has failed to create any genuine issue of material fact sufficient to withstand the entry of summary judgment, and KSI is entitled to judgment as a matter of law on all of Plaintiff's claims.  *F.R.C.P. 56(a).*

---

[1] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, or, in the Alternative, for Summary Adjudication ("Plaintiff's Memo"), p. 2).)

[2] "Defendant KINETIC SYSTEMS, INC. ("KSI") submits the following Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, or In the Alternative, Summary Adjudication, *pursuant to Federal Rule of Civil Procedure 56.*"  (KSI Memo, p. 2.)

[3] As this motion has not been brought under F.R.C.P. 12(c), the portion of Plaintiff's brief addressing that rule will not be discussed herein.

[4] *See* KSI's concurrently-filed Motion to Strike Sham Affidavit Testimony for additional discussion of the inadmissibility of certain evidence offered by Plaintiff in opposition to this Motion for Summary Judgment.

**B. Plaintiff's State Law Claims Are Barred By Operation of Idaho Code § 45-614.[5]**

    **1. The Statute of Limitations defense has not been waived.**

It is undisputed that Plaintiff has asserted claims for wages in the form of unpaid overtime and vacation pay approximately 10 months after his termination from employment with KSI. (Decl. of M. Koontz, ¶ 14) At the time of his termination, Plaintiff was paid two years worth of accrued vacation pay in addition to his regular payout. (Decl. of M. Koontz, ¶ 20.) As such, the wages now claimed by Plaintiff are "additional wages" in the context of *I.C.§ 45-614*; and this has not been disputed by Plaintiff.

Plaintiff has made no attempt to contest the facts set forth above, or that the six month statute of limitations would apply to his claims. (*See generally* Plaintiff's Memo.) Rather, Plaintiff relies wholly on an argument that a statute of limitations defense, when not initially raised in an answer, is waived. (*Id.*, p. 4.) Because Plaintiff has applied the incorrect legal standard for a statute of limitations on a statutorily-created right, as opposed to a common law right, Plaintiff's argument on waiver is misguided.

Notably, Plaintiff's only argument against the application of *I.C.§ 45-614* to bar plaintiff's claims is that KSI did not previously raise this defense in its answer. This is incorrect. KSI has asserted *four* affirmative defenses that encompass Plaintiff's inability to assert claims for additional wages due to the running of the statute of limitations, including: 1) First Affirmative Defense (failure to state a claim upon which relief can be granted), 2) Eighth Affirmative Defense (estoppel), 3) Ninth Affirmative Defense (waiver), and 4) Eleventh Affirmative Defense (laches). (*Id.*) The statute of limitations defined by I.C. § 45-614 is

---

[5] Plaintiff seems to have interpreted KSI's argument to mean that the statute of limitations bars only his claims brought pursuant to I.C. § 45-601 et seq. To the contrary, KSI did not limit that argument. As set forth herein, the statute of limitations imposed by I.C. § 45-614 bars *both* Plaintiff's wage claims under that statute and under the parties' contract.

properly covered by each.

Moreover, Plaintiff's assertion that KSI has waived the statute of limitations defense is inconsistent with relevant practice and procedure in the Ninth Circuit.  Indisputably, Plaintiff has asserted wage claims as provided by the *Idaho Code*.  As this Court is sitting in diversity jurisdiction, it must therefore apply Idaho precedent on all matters of substantive state law. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004).  It is well established that a statute of limitations imposed by a state statute is substantive law, not procedural, law.  *Zellmer v. Acme Brewing Co.*, 184 F.2d 940, 942-43 (9th Cir. 1950) ("[a] statutory liability not known to the common law . . . clearly limited in time by a condition intended to affect the right and not merely the remedy, does not survive the time limitation.")  Accordingly, Idaho law must govern the application of the statute of limitations imposed by *Idaho Code § 45-614*.

The Idaho Court of Appeals has definitively rejected the argument that a failure to assert the statute of limitations defense, *specifically in the context of claims under I.C. § 45-601 et seq.*, constitutes a waiver:

> Any person has the right to collect wages provided by law or pursuant to an employment contract, but the action to collect those wages must be commenced within six months after the cause of action accrues if the claim is for wages additional to those already paid.  I.C. § 45-614. . . Although it is preferred to plead affirmative defenses in original pleadings, those defenses also may be pled for the first time in a motion for summary judgment.

*Callenders, Inc. v. Beckman*, 120 Idaho 169, 174-175; 814 P.2d 429, 434-435 (1991) (citations omitted).  Following the lead of the Idaho courts, the Ninth Circuit has confirmed the applicability of the statute of limitations in *I.C.§ 45-614* when a federal court sits in a diversity action.  *Gomez v. Mastec North America, Inc.*, 284 Fed.Appx. 517 (2008).

None of the case law cited by Plaintiff stands for the proposition that this Court ought to

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 4**

ignore the above-stated Idaho precedent for the availability of a statute of limitations defense raised for the first time on summary judgment.[6]  In support of his argument, Plaintiff relies on *Grabner v. Willy Motors, Inc.*, 282 F.2d 644, 647 (9th Cir. 1960) and *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 663 (9th Cir. 1999).  (Plaintiff's Memo, p. 4-5.)  Each of these cases is an appeal from the Federal District Courts of Oregon, and neither addresses any Idaho law whatsoever.  The only remaining case offered by Plaintiff, cited as a parenthetical notation to *Grabner*, articulates well the reason why this Court must follow the Idaho courts and allow KSI to raise its statute of limitations defense:

> It is a well established principle that in removal cases the Federal Court must apply the state law and the state policy. . . . In essence, *the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.*

*Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 309 (10th Cir. 1950) (emphasis added).  As KSI would be entitled to raise the statute of limitations defense at this stage in Idaho state courts, (See *Beckman, supra*), that statute should dictate the outcome of the present litigation in this Court.

**2.  Count I of Plaintiff's Complaint is barred by the statute of limitations.**

In pertinent part, the Idaho Code relating to Plaintiff's claim reads:

> Any person shall have the right to collect wages, penalties and liquidated damages *provided by any law or pursuant to a contract of employment* . . . . *provided, however, that in the event* salary or wages have been paid to any employee and *such employee claims additional salary, wages*, penalties or liquidated damages, because

---

[6] In making this argument, KSI maintains its position that its Affirmative Defenses as pled in this action are sufficient.  Nevertheless, KSI finds it important to note that Plaintiff's argument is legally erroneous.

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 5**

> of work done or services performed during his employment for the pay period covered by said payment, *any action therefor shall be commenced within six (6) months* . . . .

*I.C. § 45-614 (emphasis added).* As Plaintiff has made no effort to dispute that the damages he seeks are wages, and that they are additional wages to what he has already been paid, the six month statute of limitations applies to his Count I claim for wages under *I.C. § 45-601, et seq.* Since Plaintiff failed to file his Complaint within the limitations period, he has therefore waived his right to recovery, is barred from any recovery, and summary judgment is now appropriate.

### 3. Count II of Plaintiff's Complaint is barred by the statute of limitations.

For the same reasons set forth in the immediately preceding sections, Plaintiff may not maintain any claim for wages arising out of his employment contract with KSI. In Idaho, a cause of action for breach of a written contract generally carries a five year statute of limitations. *I.C § 5-216.* However, that general period is subject to the exception in *I.C.§ 5-201,* when "a different limitation is prescribed by statute." The plain language of *I.C.§ 45-614* includes actions for wages "*pursuant to a contract of employment.*" Plaintiff's breach of contract claim should have been filed within six months of his termination from employment with KSI, and since it was not, Plaintiff's breach of contract claim is waived and barred by Idaho law.

Moreover, the November 2003 agreement, by plaintiff's own admission of his e-mail to Chris Durand and the actual agreement, states only that he is entitled to four weeks vacation. It does not say "four weeks vacation per year." The "per year" qualification is found *only* in the Employee Handbook. In order to determine vacation entitlement, Plaintiff hypocritically suggests that the Court look to only that portion of the Employee Handbook that benefits him.

Plaintiff simply cannot "pick and choose" for his own benefit "ambiguity". Either the agreement stands alone; or outside information is needed to interpret it. By straddling the fence,

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 6**

Plaintiff would have the Court ignore the vacation accrual cap contained in the Employee Handbook, but use the accrual amount. Clearly, the Agreement is ambiguous as to both vacation and exempt status, and does not alone, by Plaintiff's admission, decide this case.

### C. Plaintiff Has Failed To Create A Dispute Of Material Fact To Avoid Entry Of Summary Judgment On His FLSA Claims.

Plaintiff's remaining claims have been asserted under the federal Fair Labor Standards Act. Plaintiff contends, by way of his Memorandum and his own Affidavit, that he was a non-exempt employee while employed by KSI and is therefore entitled to overtime pay. For the reasons submitted here and in the simultaneously-filed Motion to Strike Plaintiff's Affidavit in Opposition to Summary Judgment (hereby incorporated in full), Plaintiff has failed to produce any admissible evidence to create a genuine issue of material fact. Primarily, Plaintiff's argument is nullified by his own statements, both during his deposition in this action and in the Statement of Disputed Facts presented with his opposition to this motion.

**1. Plaintiff's sham affidavit cannot create a dispute of material fact.**

Plaintiff has attempted to create disputed issues of fact by way of his affidavit testimony. As is clear in the record, however, the affidavit testimony he has attempted to set forth directly contradicts his own prior testimony on the record during his deposition in this action. The Ninth Circuit has rejected the notion that a party's own affidavit can create issues of fact when deposition testimony is contrary to that affidavit:

> "(I)f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."
> …
> The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial.

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 7**

> Here we are convinced that the issues of fact created by Radobenko are not issues which this Court could reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of a trial.

*Radobenko v. Automated Equip. Corp.*, 520 F.2d 540 (9th Cir. 1975) (internal citations omitted).

### 2. Plaintiff was a highly-paid, salaried executive.

Relying heavily on his transfer agreement, Plaintiff contends that he was not paid on a salary basis, and that he was therefore not an exempt executive under the FLSA. (Plaintiff Memo, pp. 13-14.) Plaintiff's reliance on that document is inconclusive. As *Plaintiff himself* has admitted, the nature of one's employment is not determined by the contents of a written instrument, but rather by the totality of the circumstances surrounding the employee's relationship with the company. (Plaintiff's Statement of Disputed and Undisputed Facts, ¶ 8 ("To determine exempt or non-exempt status, *the Court must look to what the employee actually did* in terms of work and *not to titles or written job descriptions*") (emphasis added).) Inexplicably, Plaintiff then asks the Court to rely solely on the written job description in the 2003 transfer agreement. (Plaintiff's Memo, p. 14.)

The hourly rate description in the transfer agreement establishing Plaintiff's converted hourly rate has been previously explained by the Declaration of M. Koontz, in paragraphs 8 and 9, to have served a specific purpose, and not to have defined Plaintiff's compensation arrangement. *See Wainscoat v. Reynolds Elec. & Engineering Co., Inc.*, 471 F.2d 1157 (9th Cir. 1973) ("It is the practice of REECo to convert the salaries of all employees to an hourly rate for bookkeeping purposes to facilitate the use of data processing machines that prepare the payroll. There is substantial evidence that the payment of all appellants was on a salary basis....") Exactly as was the case in *Wainscoat*, the record here reveals that Plaintiff understood all along that he was a salaried employee, and that he received the same payment every pay period.

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 8**

(Wood Depo., pp. 36:13-18, 40:17-21.)  Plaintiff did not even submit to KSI timecards showing his claimed overtime until approximately *ten months* after he was terminated.  (Decl. of M. Koontz, ¶¶ 12-14.)  As stated conclusively by the Ninth Circuit, Plaintiff cannot now create an issue of fact simply by contradicting his own deposition testimony.  *Radobenko*, *supra*.

Plaintiff's only other argument that he would not be classified as an exempt executive is that, at times, he performed work as a "Superintendent" and a "Site Labor Manager & General Superintendent," rather than as a "Regional Labor Manager," and that he is claiming overtime only for hours worked in those alternate capacities.  (Plaintiff's Memo, p. 16; Wood Aff., ¶ 9)  However, Plaintiff testified that he was always employed as a Regional Labor Manager, and that he merely performed Superintendent functions at various times.  (Wood Depo., pp. 49:1-14; 55:5-22.)  Thus, because Plaintiff merely performed concurrent duties in his capacity as a Regional Labor Manager, he always worked as an exempt executive under the FLSA.  (*See, 29 C.F.R. § 541.106*)  Any affidavit testimony now presented which contradicts that testimony, in the attempt to assert that Plaintiff would cease operations as a Regional Labor Manager and commence operations as a Superintendent, rather than the overlap of which he previously testified, is sham testimony and ought to be disregarded by this Court.  *Radobenko*, *supra*.

Further problematic to Plaintiff's argument is that, *even if* he did operate solely as a superintendent during those timeframe(s), he would still have been exempt under the FLSA.  *See generally*, *Wainscoat, Supra.*  In *Wainscoat*, the appellants (superintendents) were held to be exempt, highly-paid executives, despite having presented evidence that they performed substantial manual labor in furtherance of their duties.  *Id*.

> We conclude that although several of the duties performed by the operations superintendents were the same as when working as directional drillers at hourly wages, their new duties as superintendents primarily consisted of management and

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT - 9**

> supervision of the directional drilling department on the respective job sites. There was substantial manual labor performed by the operations superintendents but it was, in major part, in the performance of their highly technical and discretionary duties which their expertise in the directional drilling operation qualified them to perform, as well as in the on-the-job training of trainees working in the field. …T]he primary duties of the superintendents were managerial and supervisory and that the manual labor performed did not occupy fifty per cent of their working time.

*Id.* at 1162.

In contrast to the appellants in *Wainscoat*, Plaintiff does not at any point set forth any factual basis for concluding that he was working in a non-exempt position during his operations as a superintendent. (*See generally*, Plaintiff's Memo and Wood Aff.) Seemingly, he relies entirely on the alleged job titles, despite his own assertion that titles *are not conclusive* in evaluating exempt status. (Plaintiff's Statement of Disputed and Undisputed Facts, ¶ 8)

## CONCLUSION

Plaintiff cannot maintain any of his causes of action against KSI. By virtue of allowing ten months to expire prior to filing his claim for additional wages, Plaintiff has waived these rights, including any contractual ones, under Idaho statutory law, and is estopped from now asserting those causes of action by operation of I.C.§ 45-614. Plaintiff is equally unable to pursue his remaining claims for relief under the Fair Labor Standards Act, as he was at all times relevant to his Complaint an exempt employee under the rules and regulations governing the FLSA. Plaintiff has failed to produce any admissible evidence showing any dispute of material fact, and KSI is entitled to judgment as a matter of law.

DATED this 24th day of November, 2010.

GREENER BURKE SHOEMAKER P.A.

By:   */s/ Thomas J. Lloyd III*
Fredric V. Shoemaker / Thomas J. Lloyd III

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 24th day of November, 2010, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

| | |
|---|---|
| Eric B. Swartz<br>Darwin Overson<br>JONES & SWARTZ, PLLC<br>1673 W. Shoreline Drive, Suite 200<br>P.O. Box 7808<br>Boise, ID 83707 | ☐ U.S. Mail<br>☒ Email via CM/ECF<br>☐ Facsimile (208) 489-8988)<br>☐ Hand Delivery<br>☐ Overnight Delivery |

                 */s/ Thomas J. Lloyd III*
                  Thomas J. Lloyd III