Fredric V. Shoemaker, ISB # 1687
Thomas J. Lloyd III, ISB # 7772
**GREENER BURKE SHOEMAKER P.A.**
950 W. Bannock Street, Suite 900
Boise, Idaho 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: *fshoemaker@greenerlaw.com*
         *tlloyd@greenerlaw.com*

Steven M. Cvitanovic (*Admitted Pro Hac Vice*)
H. Ann Liroff (*Admitted Pro Hac Vice*)
**HAIGHT BROWN & BONESTEEL LLP**
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: (415)546-7500
Facsimile: (415)546-7505
Email:  *scvitanovic@hbblaw.com*
         *aliroff@hbblaw.com*

Attorneys for Defendant KINETIC SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>KINETIC SYSTEMS, INC., a California corporation,<br><br>        Defendant. | Case No. CV 09-00579-CWD<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KINETIC SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO SUMMARY JUDGMENT** |

Defendant KINETIC SYSTEMS, INC. ("KSI") hereby submits the following Reply to Plaintiff's Opposition to its Motion to Strike Plaintiff's Affidavit in Opposition to Summary Judgment:

///

## SUMMARY

In his Opposition, Plaintiff has not asserted any legal authority to substantiate his position that affidavit testimony contrary to his sworn deposition testimony is admissible in opposition to the pending summary judgment motion. Indisputably, there is a conflict between the cited portions of his affidavit and his earlier deposition testimony. Plaintiff's brief only attempts to explain and/or otherwise reconcile those contradictions. As the organization of Plaintiff's Opposition is puzzling and no newly minted evidence is produced, KSI is left with the impression that the Opposition is nothing more than Plaintiff's counsel's effort to explain away Plaintiff's contradictory testimony.

The overriding tenor of the Opposition is a request to overlook the conflicting testimony and allow Plaintiff to "pick and choose" the testimony that he deems best suited to oppose the pending summary judgment motion. Well-settled case law, as set forth in KSI's initial Memorandum in Support of the present Motion to Strike, establishes that Plaintiff cannot simply create new and contradictory testimony to resist a summary judgment motion. *See, e.g., Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). As the legal standard imposed by KSI's case law has not been opposed, KSI's Motion to Strike the conflicting portions of Plaintiff's Affidavit testimony ought to be granted. By virtue of the stated contradictory testimony, KSI respectfully requests that this Court enter an order striking those portions of Plaintiff's Affidavit that are in direct contradiction to Plaintiff's sworn deposition testimony.

## LEGAL STANDARD

It is uncontroverted that the Court's duty on a motion to strike sham affidavit testimony requires that it "make a factual determination" based on the available evidence. *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). However, Plaintiff would have this Court commingle its function as to the summary judgment standard with that related to

the sham affidavit rule. By contending that "[a]t this stage in the proceedings, the testimony and affidavit must be read in a light most favorable to the Plaintiff and, in that light, Plaintiff is entitled to the vacation pay he claims in his Complaint," he is attempting to erroneously apply the standard on summary judgment, as opposed to the appropriate one enunciated by the Ninth Circuit, to this Motion to Strike. (Plaintiff's Opposition, p. 15.)

Presently pending before this Court are: KSI's Motion for Summary Judgment; KSI's Motion to Strike; and Plaintiff's "after-the-fact" Motion to Strike certain earlier affidavit testimony submitted by KSI in support of its Motion for Summary Judgment. (Docket Nos. 31, 40 and 44.) The standard for deciding a motion for summary judgment is not relevant to this motion. If this were a motion for summary judgment, which it is not, all admissible evidence would be construed in the light most favorable to the non-moving party. *Jim v. County of Hawaii*, 33 F. App'x. 857, 858 (9th Cir. 2002) (quoting *Far Out Prods., Inc. v. Oscar*, 247 F.3d 986, 992 (9th Cir. 2001)). That standard requires a preliminary determination as to the admissibility of evidence, however. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Id.* (citing *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

When determining the validity of a motion for summary judgment, the Court must not consider evidence that is not admissible. *Id.* (rejecting affidavit testimony that did not comply with Federal Rules of Evidence 901 and 902). The mere fact that this Motion to Strike is made in the context of a Motion for Summary Judgment does not confer any preferential treatment upon the evidence sought to be used. Rather, "[w]hen a party makes damaging admissions in his deposition and then tries to retract them in an affidavit, courts give short shrift to the affidavit." *Seshadri v. Kasraian*, 130 F.3d 798, 801 (7th Cir. 1997) (citing *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995); *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994); *Hayes*

*v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364-65 (8th Cir. 1983)), *cited in Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court is not obligated to construe conflicting evidence in a light most favorable to the non-moving party; instead, the Court must follow the two-prong test articulated in *Van Asdale v. International Game Technology*, 577 F.3d 989 (9th Cir. 2009): (1) the contradiction is actually a "sham", and (2) the inconsistency is clear and unambiguous. 577 F.3d at 998-999.

## ARGUMENT

**A. KSI's Evidence Is Not Barred By The Parol Evidence Rule.**

As a preliminary matter, Plaintiff's reliance upon the parol evidence rule must be addressed at the outset. As a portion of this litigation pertains to an interpretation of the Fair Labor Standards Act ("FLSA"), and not to the interpretation of a contract, Plaintiff's reliance on the rule is misguided.[1] Primarily, the parol evidence rule provides:

> If the **written agreement** is a complete upon its face and unambiguous [sic], no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the **contract**."

*Belk v. Martin*, 136 Idaho 652, 657, 39 P.3d 592, 597 (2001) (emphasis added). The parol evidence rule is only applicable for purposes of contract interpretation. *Id.* Because Plaintiff's state law claims are barred by application of the Statute of Limitations identified in Idaho Code § 45-614, *Callenders, Inc. v. Beckman*, 120 Idaho 169, 174-175; 814 P.2d 429, 434-435 (1991), Plaintiff's only remaining cause of action arises under the FLSA. (*See* Plaintiff's Complaint.)

---

[1] KSI discusses the applicability of the parol evidence rule to this case in greater detail in its briefing in opposition to Plaintiff's pending Motion to Strike (Docket No. 44). Nonetheless, a brief summary of that argument is necessary for purposes of this Reply Memorandum. In addition to this summary, KSI fully incorporates as if set forth *in hac verba* the more complete discussion found in its Opposition to Plaintiff's Motion to Strike.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KINETIC SYSTEMS, INC.'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO SUMMARY JUDGMENT- 4          (19118-001 #365019.doc)

Entitlement to overtime wages under the FLSA is not determined by stated contractual terms; rather, it is evaluated by reference to the actual circumstances and duties involved in Plaintiff's employment with KSI. Accordingly, the parol evidence rule is inapplicable. *See* 29 C.F.R. § 541.2; *Wainscoat v. Reynolds Elec. & Engineering Co., Inc.*, 471 F.2d 1157 (9th Cir. 1973). Thus, all evidence tending to show Plaintiff's job duties, compensation schedule, and other terms of his employment are admissible for purposes of evaluating his claims under the FLSA. *Id.*

Even if, *arguendo*, the parol evidence rule were to apply to the instant facts, the evidence submitted by KSI would nevertheless be admissible. Since the inception of this case, KSI has contended that the notation on Plaintiff's transfer agreement denominating him as "non-exempt" was a mistake. (*See* Declaration of Michelle A. Koontz, Docket No. 31-8, ¶ 10.) "Parol evidence . . . is allowed to clarify that a term of the contract was a mistake." *Belk*, 39 P.3d at 597. "Parol evidence is also admissible to prove that by reason of mutual mistake the written agreement does not express the parties' true intent." *Id.* "Extrinsic evidence should be allowed where there has been a unilateral mistake made by a party *and* the other party has knowledge of the mistake." *Id.* at 598. Because the evidence before the Court reveals that Plaintiff himself knew of and intended that his compensation schedule did not include overtime, he is estopped from asserting that this Court cannot consider the same.[2]

Intermingled within Plaintiff's attempts to explain or justify his inconsistent positions, and related to his assertions that certain evidence about his employment with KSI is inadmissible parol evidence, Plaintiff argues that his historical statements regarding his exempt status should

---

[2] In addition to inapplicability of the parol evidence rule due to the mistake asserted by KSI relative to Plaintiff's exempt status, it should be further noted that the parol evidence rule does not bar evidence of anything over which the subject contract is silent. *See Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir. 1994). Accordingly, evidence of Plaintiff's job title and functions is admissible irrespective of any mistake regarding the notation "non-exempt."

not be determinative of whether he was eligible for overtime while working for KSI: "What Plaintiff believed before he hired legal counsel in terms of his legal rights is irrelevant. What is relevant is whether, under the law, he was exempt or non-exempt." (Opposition, p. 13.)

It appears that Plaintiff is intent on applying a double-standard to determine his status: While the Court must *ignore* Plaintiff's prelitigation statements, it must *rely conclusively on* KSI's prelitigation statements. This approach cannot be sustained. Rather, the test (as stated by Plaintiff but fairly applied to both parties) is "whether, under the law, he was exempt or non-exempt." As Plaintiff testified in his deposition that he was a Regional Labor Manager from November, 2003 through January, 2009, that his rate of compensation during that time was $130,000 per year, and that he was not entitled to any overtime compensation in that capacity, all Affidavit statements that directly contradict those facts ought to be stricken as sham testimony.

**B. Plaintiff's Affidavit Testimony Is Inconsistent And Must Be Stricken.**

Given the confusion caused by Plaintiff's Opposition to this particular motion, KSI will focus on the three core issues in this litigation and the corresponding inconsistent statements made by Plaintiff:

(1) In what capacity was Plaintiff employed from November, 2003 to January, 2009?

(2) What was Plaintiff's compensation schedule during that timeframe?

(3) Was Plaintiff eligible for overtime compensation during that timeframe?

**1. Plaintiff was continuously employed as a Regional Labor Manager from November, 2003 through January, 2009.**

Plaintiff's competing assertions are: (1) that he was continuously employed as a Regional Labor Manager from November, 2003 through January, 2009, and (2) that he had a constantly shifting job title during the same period. (*See* Docket No. 40-3, Ex. A, p. 5.) These positions are irreconcilable. It remains undisputed that during the timeframes that Plaintiff alleges he was

entitled to overtime, no subsequent contract was executed; no change in his rate of pay was applied; and no abandonment of his Regional Labor Manager functions occurred. (*Id.*, pp. 5, 10.) Although he responded to inquiries and fulfilled Superintendent functions on an as-need basis, his actual job status was not altered or modified. 29 C.F.R. § 541.106.

In his Affidavit, Plaintiff now asserts that he ceased being a Regional Labor Manager during the disputed timeframes, which is directly contrary to his deposition testimony. Moreover, he has failed to identify any other individual who assumed that role. The reason for this omission is apparent: As he originally testified, Plaintiff was continuously employed as a Regional Labor Manager who, as is permissible under the FLSA, 29 C.F.R. § 541.106, "occasionally did project superintendent work." (*See* Docket No. 40-3, Ex. A, p. 5.) Hence, the statements in paragraph 10 of his Affidavit directly contradict this fact, and must be stricken. (*See* Docket No. 35-2.)

By way of a single, glaring example of many,[3] there is no reconciling of the following two statements:

- Deposition:  Q.  . . . You continued to work as a labor manager between October 2005 and November 2006; isn't that right?
  
  A.  Yes.

- Affidavit:  My new job in Virginia was as a superintendent . . . . In that capacity, I worked from October 2005 through November 2006.

(*See* Docket No. 40-3, Ex. A, p. 5.)

---

[3] Another prime example of Plaintiff's irreconcilable contradictions is quoted by Plaintiff himself on page 14 of his Opposition briefing, asserting in one breath of deposition testimony that his rate of vacation accrual was "per the employee handbook," and in the very next question asserting that he has not even seen that handbook. While not a notable contradiction between *deposition* and *affidavit* for purposes of this motion, it is nevertheless revealing of Plaintiff's willingness to assert conflicting allegations in order to benefit his argument.

What is perhaps worse than the contradictions between his deposition and affidavit testimony is the perpetuation of inconsistencies made in an effort to avoid those contradictions. Despite having sworn in his Affidavit that "[i]n November, 2003, [he] was reassigned to the Southeast Region with the assigned job of Regional Labor Manager" (Wood Aff., ¶ 10), Plaintiff nevertheless argues to this Court in his present Opposition: "It must be noted that the November 4, 2003 contract does not set forth that the terms only apply to Plaintiff in a particular capacity. They apply to his employment generally, irrespective of what jobs he was assigned during the period." (Plaintiff's Opposition, p. 12.)

In other words, while Plaintiff wishes to benefit from the fact that his employment *terms* were not altered by any subsequent contract, he nevertheless wants to assert a constantly changing employment *capacity* based solely on his own recollection and in order to maximize his chances for acquiring overtime pay. Plaintiff's argument is filled with as many inconsistencies as his testimony of record.

2. **Plaintiff was paid an annual salary of $130,000.00 from November, 2003 through January, 2009.**

Plaintiff's only attempt to defend the contradictions between his deposition and his affidavit regarding his rate of compensation is to assert that the deposition testimony was elicited using inadmissible parol evidence. (Plaintiff's Opposition, pp. 7-9.) That evidence is an email that Plaintiff wrote on October 5, 2003, setting forth the terms of his transfer to Regional Labor Manager – the very transfer that was memorialized by the transfer agreement approximately one month later. Plaintiff's reliance on the parol evidence rule is misguided.

As set forth above and in KSI's Opposition to Plaintiff's newly-filed Motion to Strike, the parol evidence rule only bars extrinsic evidence used to supplement the terms of a clear, unambiguous and complete contract. *Belk*, 39 P.3d at 597. The rule simply has no effect on

evidence submitted to prove or disprove allegations raised in support of a claim under the FLSA. As Plaintiff's cause of action in contract is likely barred by the statute of limitations in I.C. § 45-614, the evidence used in Plaintiff's deposition to inquire about Plaintiff's salary for purposes of an FLSA evaluation is not barred by the parol evidence rule. Further, even if the parol evidence rule applied, it would not bar the evidence in question, as KSI maintains a mistake in the transfer agreement, known to Plaintiff, which that evidence clarifies.

### 3.   Plaintiff was not eligible for overtime compensation from November, 2003 through January, 2009.

Plaintiff admitted throughout his deposition that he was aware he was "not eligible" for overtime compensation as a labor manager. (*See* Docket No. 40-5 (Wood Depo.), pp 40: 17-21, 61: 1-5, 76: 7-16.) His only defense, as set forth in paragraph 31 of his Affidavit and confirmed in his Opposition, is to argue that he is making a claim for overtime compensation during *only* the timeframes when he was allegedly working as a Project Superintendent. (Plaintiff's Opposition, pp. 7, 9.) Plaintiff's argument is therefore entirely dependent on his argument that he was not employed as a Regional Labor Manager at all times from November, 2003 through January, 2009. As previously set forth and reiterated above, Plaintiff's allegation that he was not employed as a Regional Labor Manager for the duration of that time-frame is sham testimony and ought to be disregarded and stricken by this Court.

Plaintiff was always a "labor manager that occasionally did project superintendent work," which is a fact that he verified on multiple occasions throughout his deposition. Because of his status as a Regional Labor Manager, any claim for overtime during that timeframe is inappropriate and barred by the FLSA, 29 C.F.R. § 541.106, and any contrary testimony is merely an attempt to mislead the Court with a sham affidavit.

///

## CONCLUSION

Plaintiff is simply unable to reconcile the contradictions that exist between his deposition testimony and his later affidavit. Plaintiff has testified, and should be bound to the testimony, that he was continuously employed as a Regional Labor Manager from November, 2003 through January, 2009, that his rate of compensation during that time was $130,000 per year, and that he was not entitled to overtime compensation. Accordingly, Defendant respectfully requests that this Court strike the portions of Plaintiff's Affidavit that contradict these sworn statements.

DATED this 29th day of December, 2010.

GREENER BURKE SHOEMAKER P.A.

By: */s/ Thomas J. Lloyd III*
Fredric V. Shoemaker / Thomas J. Lloyd III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of December, 2010, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Eric B. Swartz
Darwin Overson
JONES & SWARTZ, PLLC
1673 W. Shoreline Drive, Suite 200
P.O. Box 7808
Boise, ID 83707

☐ U.S. Mail
☒ Email via CM/ECF
☐ Facsimile (208) 489-8988)
☐ Hand Delivery
☐ Overnight Delivery

*/s/ Thomas J. Lloyd III*
Thomas J. Lloyd III

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KINETIC SYSTEMS, INC.'S MOTION TO STRIKE
PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO SUMMARY JUDGMENT- 10          (19118-001 #365019.doc)