Fredric V. Shoemaker, ISB # 1687
Thomas J. Lloyd III, ISB # 7772
**GREENER BURKE SHOEMAKER P.A.**
950 W. Bannock Street, Suite 900
Boise, Idaho 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: *fshoemaker@greenerlaw.com*
        *tlloyd@greenerlaw.com*

Steven M. Cvitanovic (*Admitted Pro Hac Vice*)
H. Ann Liroff (*Admitted Pro Hac Vice*)
**HAIGHT BROWN & BONESTEEL LLP**
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: (415)546-7500
Facsimile: (415)546-7505
Email:  *scvitanovic@hbblaw.com*
        *aliroff@hbblaw.com*

Attorneys for Defendant KINETIC SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KINETIC SYSTEMS, INC., a California corporation,<br><br>　　　　　Defendant. | Case No. CV 09-00579-CWD<br><br>**DEFENDANT KINETIC SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

Defendant KINETIC SYSTEMS, INC. ("KSI") hereby submits the following Opposition

to Plaintiff's Motion to Strike (Docket # 44):

DEFENDANT KINETIC SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE - 1

## INTRODUCTION

As previously set forth in the extensive briefing submitted by the parties to this action, Plaintiff Ronald Wood ("Plaintiff") initiated this action in Idaho state court on October 21, 2009, alleging violations of the Idaho Wage Claim Act and the Fair Labor Standards Act, as well as a common law Breach of Contract.   The action was subsequently removed to this Court, and KSI filed its Answer on March 17, 2010.   (Docket # 16.)   Following discovery, including the deposition of Plaintiff, KSI filed its presently-pending Motion for Summary Judgment or, in the Alternative, Summary Adjudication on October 12, 2010.   (Docket # 31.)   Plaintiff filed his Opposition to that Motion on November 9, 2010, including with the Opposition his own Affidavit.  (Docket # 35.)

Thereafter, on November 24, 2010, KSI submitted a timely Reply memorandum (Docket # 39), along with a Motion to Strike the portions of Plaintiff's Affidavit that directly contradicted his prior deposition testimony (Docket # 40).   In response, Plaintiff submitted his Opposition to that Motion to Strike. (Docket # 43.)   Plaintiff also submitted his own Motion to Strike certain evidence submitted with KSI's original motion for summary judgment (Docket # 44), despite having failed to object to that evidence during the briefing period for or in his opposition to the motion for summary judgment to which it pertains.

By Plaintiff's Motion, he attempts to strike from this Court's consideration certain Exhibits attached to the previously filed Declaration of Steve M. Cvitanovic, specifically Exhibits 7, 16, 19, 20 and 21 attached to Plaintiff's deposition, on the grounds that there is a "complete absence of any foundation" for this evidence.[1]   (Docket # 44-1, p. 1.)   Moreover,

---

[1] It appears as though Exhibit 21 to the Wood deposition, as attached to the Cvitanovic Declaration, was inadvertently included with the original summary judgment paperwork.  It was grouped in with Exhibits 19 and 20, but is not necessary for purposes of the pending motion.  Accordingly, KSI does not for present purposes present any defense of those documents but nevertheless reserves the right to introduce them at trial, if necessary, as appropriate according to the applicable Federal Rules.

Plaintiff has moved to strike complete segments of the Declaration of Michelle A. Koontz on the grounds that those portions "attempt to introduce parole [sic] evidence" or otherwise contain hearsay evidence.  (Docket # 44-1, p. 2.)  Finally, Plaintiff seeks to strike portions of the Declaration of Katherine Black on the grounds that they allegedly seek to introduce undisclosed expert testimony, contain hearsay evidence, or are otherwise irrelevant to the issues in this proceeding.

For the reasons stated herein, Plaintiff's Motion should be denied.  Plaintiff's argument reveals a fundamental misunderstanding of both the purpose of the Federal Rules of Civil Procedure and of the Federal Rules of Evidence.  As Plaintiff has failed to set forth any colorable argument as to why the evidence submitted on summary judgment ought to be stricken from this Court's consideration, KSI respectfully requests that this Court deny Plaintiff's Motion to Strike and proceed to decide summary judgment.

## ARGUMENT

**A.      Plaintiff's Foundational Objections As To The Cvitanovic Declaration Exhibits Are Misguided And Insufficient To Be Sustained Under F.R.C.P. 56(c).**

Federal Rule of Civil Procedure 56(c) identifies the proper procedure on a motion for summary judgment, setting forth the burdens and evidentiary standards for evidence submitted to support or oppose such a motion.  *See* F.R.C.P. 56(c).  Subsection 2 of that rule describes the procedure by which a party may object to the evidence submitted by an opposing party:

> A party may object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*.

F.R.C.P. 56(c)(2) (emphasis added).  By the explicit language of the rule, then, the proper analysis for the Court in evaluating the merits of a motion to strike is not whether the evidence has been submitted in a *form* that is admissible, but whether the evidence *can be* submitted in a

form that would ultimately be admissible at trial. *Id.* The Ninth Circuit agrees: "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F. 3d 410, 418-419 (9th Cir. 2001)). Where, as here, the evidence "could be admitted into evidence at trial in a variety of ways," the Court should consider that evidence in association with the motion for summary judgment. 342 F.3d at 1037.

Plaintiff's burden, as set forth by the plain language of the applicable rule and the governing case law on point, is to show that the disputed evidence "cannot be presented in a form that would be admissible at trial." F.R.C.P. 56(c)(2). Plaintiff has not met, nor even attempted to meet, that burden. Rather, the Second Declaration of Michelle A. Koontz, submitted herewith, clearly establishes the foundation for each of the disputed deposition exhibits attached to the Cvitanovic Declaration. Accordingly, Plaintiff's objection to their admissibility misses the mark, as his reliance on form and not substance in the context of a summary judgment motion is misplaced. There is little doubt that KSI will be able to meet *at trial* the foundation and authentication requirements to have that evidence admitted.

As the documents in question consist of records of regularly conducted KSI business activity, or correspondence received by KSI and/or its authorized representatives from Plaintiff, they will be admissible at trial. The foundation for these exhibits is and can be properly laid.

Further, even if, *arguendo*, the disputed exhibits have not been presented in admissible form, the proper remedy at this stage of the proceedings is not to strike the evidence all together. To the contrary, F.R.C.P. 56(e) sets forth the Court's alternative option:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

      (1)     give an opportunity to properly support or address the fact;

      . . .

The official Advisory Committee Notes to the 2010 amendments to the Federal Rules of Civil Procedure explain the rationale behind this option:   "The objection functions much as an objection at trial, adjusted for the pretrial setting."   F.R.C.P. 56, Advisory Committee Notes, 2010 Amendments.

      In other words, just as at trial KSI would have the opportunity to overcome a foundational objection by asking additional questions or otherwise submitting the proposed evidence through another witness, the same opportunity should be afforded to KSI in the pretrial stages of the litigation.   It would be contrary to all notions of judicial economy to insist otherwise.   The proper remedy, and "the court's preferred first step," is to allow KSI to "explain the admissible form that is anticipated," which KSI has now submitted with the Second Koontz Declaration.   *Id.*   If summary judgment is appropriate *but for* the foundational objections now asserted by Plaintiff, there is no sensible argument that the case should proceed to trial simply so that KSI can go through that exercise at trial of laying a proper foundation for the same evidence in order to achieve an identical result.

**B.**     **The Declaration Of Michelle A. Koontz Is Not Barred By The Parol Evidence Rule.**

      Plaintiff's objections to the Koontz Declaration, which rely upon the parol evidence rule, cannot be sustained.   Primarily, the parol evidence rule provides:

> If the **written agreement** is a complete upon its face and unambiguous [sic], no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to or detract from the terms of the **contract**."

*Belk v. Martin*, 136 Idaho 652, 657, 39 P.3d 592, 597 (2001) (emphasis added).   The parol evidence rule is therefore only applicable for purposes of contract interpretation.   *Id.*   In the

present circumstances, however, KSI believes Plaintiff's state law and contract claims are barred by application of the Statute of Limitations identified in Idaho Code § 45-614, *Callenders, Inc. v. Beckman*, 120 Idaho 169, 174-175; 814 P.2d 429, 434-435 (1991). Furthermore, the challenged evidence contained in the Koontz Declaration is directly relevant to Plaintiff's FLSA claim. (*See* Plaintiff's Complaint.) The evidence reveals Plaintiff's specific job responsibilities and duties, which are key to evaluating his status under the FLSA. As the law clearly states, Plaintiff's job title or written characterization is not determinative of an individual's entitlement to overtime. *See* 29 C.F.R. § 541.2; *see also Cooke v. General Dynamics Corp.*, 993 F.Supp. 56 (D. Conn. 1997). The evidence submitted in the Koontz Declaration very specifically pertained to Plaintiff's job responsibilities critical to the FLSA cause of action.

Plaintiff has asserted a cause of action based on the Fair Labor Standards Act ("FLSA"); and KSI must be permitted to defend against that claim by demonstrating that Plaintiff's salary and job responsibilities qualify him as an exempt, highly compensated executive. To the extent that the evidence in question is used to refute those claims, the parol evidence rule is inapplicable. It applies to the interpretation of a contract, not the interpretation of a statute, such as the FLSA. As KSI carries the burden of proving that Plaintiff was exempt from overtime pay requirements under the FLSA, it would be substantially prejudiced if not allowed to present the disputed evidence simply because Plaintiff made the imprudent choice to assert two causes of action with conflicting evidentiary standards.

Entitlement to overtime wages under the FLSA focuses on the duties performed, not stated contractual terms or a job title. Rather, analysis of an individual's entitlement to overtime under FLSA is determined by the actual circumstances in Plaintiff's performance during his employment with KSI. *See* 29 C.F.R. § 541.100, *et seq.* An "employer who claims an exemption from the FLSA has the burden of showing that exemption applies." *Bothell v. Phase*

*Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002) (quoting *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983)).    Accordingly, the parol evidence rule is both inapplicable and inappropriate.  *See* 29 C.F.R. § 541.2; *Wainscoat v. Reynolds Elec. & Engineering Co., Inc.*, 471 F.2d 1157 (9th Cir. 1973).

It would serve neither the intent and purposes of the FLSA, nor the general principals of fairness and justice to allow a plaintiff to avoid the evidence that most strongly questions his rights to FLSA relief simply by pleading a breach of contract at the same time.    Thus, all evidence tending to show Plaintiff's job duties, compensation schedule, and other terms of his employment are admissible for purposes of evaluating his claims under the FLSA.  *Id.*

Even if the parol evidence rule were to apply to the instant facts or if KSI sought to introduce evidence for purposes of the state law and breach of contract claims at issue in this action, the evidence submitted by KSI would nevertheless be admissible.  Since the inception of this case, KSI has contended that the notation on Plaintiff's transfer agreement denominating him as "non-exempt" was a mistake.  (*See* Declaration of Michelle A. Koontz, Docket No. 31-8, ¶ 10.)  "Parol evidence . . . is allowed to clarify that a term of the contract was a mistake."  *Belk*, 39 P.3d at 597.  "Parol evidence is also admissible to prove that by reason of mutual mistake the written agreement does not express the parties' true intent."  *Id.*  "Extrinsic evidence should be allowed where there has been a unilateral mistake made by a party *and* the other party has knowledge of the mistake."  *Id.* at 598.  Because the evidence before the Court reveals that Plaintiff himself knew of and intended that his compensation schedule did not include overtime, he is estopped from asserting that this Court cannot consider the same.[2]

---

[2] In addition to inapplicability of the parol evidence rule due to the mistake asserted by KSI relative to Plaintiff's exempt status, it should be further noted that the parol evidence rule does not bar evidence of anything over which the subject contract is silent. *See Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir. 1994).  Accordingly, evidence of Plaintiff's job title and functions is admissible irrespective of any mistake regarding the notation "non-exempt."

Finally, much of the evidence submitted by KSI in support of summary judgment would not be impacted by the parol evidence rule, again *even if* the rule had any application in this case. For example, the November 4, 2003 transfer agreement is silent on a number of issues, particularly pertaining to the terms of Plaintiff's job description, title, and vacation benefits. The Agreement does not identify any rate of vacation accrual. Specifically, the agreement only states that Plaintiff is entitled to "Four weeks" of vacation, without referencing whether this is accumulated by quarter, year, or in total. Furthermore, the transfer agreement does not speak to either the existence of a cap on accrual or even the preliminary matter of whether the noted "Four weeks vacation" refers to *paid* or *unpaid* vacation.

Parol evidence is not a "one way street" available only for the Plaintiff's benefit. It is necessary to establish the amount and extent of Plaintiff's vacation benefits, if any. Plaintiff only objects to the admissibility of evidence of the cap, which is contained in the same section of the handbook that he admittedly used to determine that the accrual mentioned in the transfer letter was per year, as opposed to per quarter or for his entire employment.

He simply cannot have it both ways. Either he is stuck with a total of four weeks vacation for his entire employment; or the handbook terms in their entirety are admissible to show KSI's vacation accrual policy and cap.

Plaintiff would have this Court interpret the parol evidence in a way that was beneficial to him, but was prejudicial to KSI. This is blatantly contradictory. The parol evidence rule was never intended to bar *all* extrinsic evidence of the parties' agreement that is detrimental to one side. Any item or term on which the written agreement is silent is admissible to explain the agreement and its terms no matter if it is good, bad or indifferent for one or both parties. *See Nelson v. Gish*, 103 Idaho 57, 644 P.2d 980 (1982) ("[E]xtrinsic evidence may be used to prove elements of the agreement not reduced to writing."). Because there are a number of issues that

are not addressed by the transfer agreement, most especially the complete terms of the vacation policy and the job duties of Plaintiff, the parol evidence rule is simply inapplicable.[3]

The relevant test in this litigation for all of the claims, but notably for the FLSA claims is whether, under the law, Plaintiff was exempt or non-exempt. Because KSI contends that he was an exempt employee, KSI bears the burden of establishing that he was properly categorized as an exempt class of employee. To exclude the most pertinent information on that question simply because Plaintiff chose to assert two causes of action with conflicting evidentiary rules would grossly prejudice KSI in this litigation.

## C.   The Declaration Of Michelle A. Koontz Does Not Introduce Inadmissible Hearsay Evidence.

Plaintiff has also inexplicably moved to strike paragraphs 16 and 19 of the Declaration of Michelle A. Koontz on the grounds that they contain impermissible and inadmissible hearsay evidence. (Docket # 44-1, p. 2.) Paragraph 16 describes KSI's vacation policy; and paragraph 19 describes the circumstances of Plaintiff's termination from KSI's employ. Plaintiff's hearsay objections to each are misguided.

 As Vice President of Human Relations for KSI, Ms. Koontz is competent to testify to the contents of that handbook, and specifically the assertions in Paragraph 16 as to the company's vacation policy. Further, an employee handbook is undoubtedly a record of regularly conducted business activity and is therefore excepted from the hearsay prohibitions in Article VIII of the Federal Rules of Evidence. F.R.E. 803(6). Confronting a similar objection as to the admissibility of the contents of an employee handbook, the District Court for the Northern District of Illinois, Eastern Division, agreed:

---

[3] Alternatively, if the parol evidence rule does exclude all extrinsic evidence regarding the complete terms of the vacation policy, KSI will have a cause of action against Plaintiff for, *inter alia*, unjust enrichment. If the transfer agreement comprises the full terms of the employment arrangement, then Plaintiff was only entitled to 4 weeks of vacation pay upon his termination, or less, but was nevertheless paid for 8 weeks of vacation time. (Declaration of Michelle A. Koontz, ¶ 20.) KSI suspects this is not a direction that Plaintiff would like to go.

> Davis makes various objections . . . that those conclusions are
> based on "hearsay, oral and inadmissible statements" and
> documents not before the court, apparently referring to the
> employee handbook.  Cautin is director of employee relations at
> Christ Hospital.  His affidavit says that he has personal knowledge
> of the facts state in his affidavit which include the hospital's
> disciplinary policies and the rules contained in its employee
> handbook. . . .

*Davis v. Christ Hospital*, 1988 WL 129978 (N.D. Ill. 1988).   On those grounds, the court

considered the evidence contained within the employee handbook.

Numerous other courts have accepted into evidence company vacation policies for a

variety of purposes, including supporting or disputing claims for unpaid vacation.  *See, e.g.,*

*Wang v. Chinese Daily News, Inc.*, 435 F.Supp.2d 1042 (C.D. Cal. 2006); *Simons v. Midwest*

*Telephone Sales and Service, Inc.*, 433 F.Supp.2d 1007 (D. Minn. 2006); *Agee v. Armour Foods*

*Co.*, 834 F.2d 144 (8th Cir. 1987); *Spivey v. Lincoln Nat. Life Ins. Co.*, 928 F.2d 409 (9th Cir.

1991); *Bernard v. Rockwell Intern. Corp.*, 869 F.2d 928 (6th Cir. 1989).   Even if the vacation

policy does not constitute a business record for purposes of F.R.E. 803(6), F.R.E. 807 permits its

admittance, as it is the most probative piece of evidence regarding Plaintiff's rights to accrued

vacation benefits. The interests of justice will only be served by the admission of the evidence as

to the company-wide policy on vacation.

Similarly, paragraph 19 of Ms. Koontz's Declaration setting forth the investigation of the

safety incident leading to Mr. Wood's termination is excepted from the hearsay objection under

F.R.E. 803(6).  A company investigation report is a business record that is admissible despite the

general hearsay rule.  *Id.*  Additionally, as KSI does not seek to introduce the investigation report

or Ms. Koontz's statements to establish the truth of the matters contained within the

investigation, but rather to merely establish the historical circumstances surrounding Plaintiff's

termination, the investigation does not constitute hearsay.  F.R.E. 801(c).  Moreover, KSI argues

the investigation report is also admissible evidence by operation of F.R.E. 807, as it pertains to a material fact in this litigation (the circumstances of Plaintiff's termination from KSI).   In this respect, it is the most probative piece of evidence on that issue.   It is the contemporaneous record of the incident that occurred and which prompted Plaintiff's termination.   As such, the interests of justice dictate its admissibility.

**D.     The Exhibits Attached To The Declaration Of Katherine Black Are Admissible.**

Finally, Plaintiff has moved to strike the Declaration of Katherine Black and the exhibits attached thereto on the grounds that such evidence is inadmissible hearsay and irrelevant.[4] Plaintiff's objections are again misguided.   The documents presented with Ms. Black's Declaration are comprised of a selection of emails drafted by Plaintiff during the timeframe that he now claims to have been working as a Project Superintendent.   Contrary to that assertion, Plaintiff was identifying himself in his email correspondence during the relevant time as a Labor Manager.   On the disputed issue of whether Plaintiff was a Labor Manager during the entirety of his employment with KSI after November, 2003, these emails constitute direct and relevant admissions by Plaintiff, the party directly opposed to KSI in this litigation.   Accordingly, the statements are expressly <u>not</u> hearsay by operation of F.R.E. 801(d)(2).

**CONCLUSION**

Plaintiff's objections to the evidence submitted by KSI in support of its pending motions are without basis, as they do not accurately reflect the purposes or procedures of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.   KSI requests that this Court deny

---

[4] Plaintiff has also moved to strike the Declaration of Katherine Black on the grounds that it allegedly constitutes undisclosed expert testimony.  Plaintiff's argument is unfounded.  KSI has not presented Ms. Black as an expert, and does not wish to now.  If anything, KSI is guilty of laying too thorough of a foundation regarding her inspection of Plaintiff's email correspondence.  However, performing a simple database search does not amount to expert testimony.  It is sufficient to say that Ms. Black reviewed Plaintiff's emails, and on that basis she may testify to what she found in that review.

Plaintiff's Motion to Strike and proceed to hear the pending motion for summary judgment, considering all of the evidence that KSI has properly set forth in support thereof.

DATED this 13th day of January, 2011.

GREENER BURKE SHOEMAKER P.A.

By:___/s/ Thomas J. Lloyd III_____
Fredric V. Shoemaker / Thomas J. Lloyd III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January, 2011, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Eric B. Swartz
Darwin Overson
JONES & SWARTZ, PLLC
1673 W. Shoreline Drive, Suite 200
P.O. Box 7808
Boise, ID 83707

☐ U.S. Mail
☒ Email via CM/ECF
☐ Facsimile (208) 489-8988
☐ Hand Delivery
☐ Overnight Delivery

_/s/ Thomas J. Lloyd III_____
Thomas J. Lloyd III