UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual<br><br>Plaintiff,<br><br>v.<br><br>KINETIC SYSTEMS, INC., a California corporation,<br><br>Defendant. | Case No. 1:10-CV-001-CWD<br><br>**ORDER** |

**INTRODUCTION**

Before the Court are nine pending pre-trial motions. First, Defendant Kinetic Systems, Inc. ("KSI") asks the Court to clarify the legal standards applicable to KSI's burden of proof on its affirmative defense that Plaintiff Ronald Wood ("Wood") was an exempt employee under the Fair Labor Standards Act ("FLSA").

KSI filed also eight motions in limine requesting the Court to rule on various evidentiary issues anticipated at trial. (Dkts. 58-65.) Wood filed responses to all of the pre-trial motions, (Dkt. 67-75), and the Court conducted a hearing on all pre-trial motions at the pre-trial conference held on April 18, 2011. The Court issues its preliminary ruling, which may be subject to revision upon consideration of evidentiary issues presented within the context of the trial.

**ORDER - 1**

## ANALYSIS

**1. Clarification Order**

**A.** *The FLSA*

Congress enacted the FLSA in 1938 to protect workers from substandard wages. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). Section 207(a)(1) of the FLSA sets forth the right of employees to receive overtime pay "at a rate not less than one and one-half times the regular rate" for any hours worked in excess of 40 hours in any work week. 29 U.S.C.S. § 207(a)(1). Simultaneously, however, Section 213 of the FLSA specifically exempts certain employers and employees from Section 207 coverage. Specifically, an exemption from overtime compensation exists for persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). *See also* 29 C.F.R. § 541.204. These are commonly known as the "white collar" exemptions. In 2004, the regulations were amended to include a presumption that "highly compensated" executives, administrators, and professionals who earn at least $100,000.00 per year are deemed exempt, eliminating the need for a detailed analysis of the employee's job duties. *See* 29 C.F.R. § 541.601(a), (c).[1]

In its Motion for Clarification, KSI asserts that the executive exemption under 29

---

[1] Exemptions are construed narrowly against the employer asserting their applicability, and the employer carries the burden of proving that an exemption applies. *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945). Employers who claim that an exemption applies to an employee or group of employees must show that "the employees fit plainly and unmistakably within its terms." *Worthington v. Icicle Seafoods, Inc.*, 774 F.2d 349, (9th Cir. 1984), *cert. granted in part*, 474 U.S. 900 (1985), *and judgment vacated on other grounds*, 475 U.S. 709 (1986).

**ORDER - 2**

C.F.R. § 541.100 differs from the highly compensated employee exemption under 29 C.F.R. § 541.601, and seeks guidance regarding KSI's burden at trial regarding the latter. (Mem. at 2-3, Dkt. 56-1.) Specifically, KSI asserts that, for a highly compensated executive, the "primary duties" test is inapplicable. (*Id*. at 4.) Conversely, Wood replies that the "primary duties" test applies to both executives and highly compensated executives. As explained below, both parties are partially correct. If an employee is "highly compensated," then the primary duties test is streamlined and less burdensome, but still applicable. If an employee does not meet the definition of a "highly compensated" employee, then the more burdensome primary duties test is applicable and the employer carries a heavier burden of proof at trial. The standards for each exemption will be discussed in turn.

**(1)** *The Executive Exemption*

To fall within the executive exemption under 29 C.F.R. § 541.100, an employer must establish that the employee is:

> (1) Compensated on a <u>salary basis</u> at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;[2]
> (2) Whose <u>primary duty</u> is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily or regularly directs the work of two or more other employees; <u>and</u>
> (4) Who has the authority to hire or fire other employees, or

---

[2] It appears between the years 2003 and 2005 the weekly amount stated in the Code of Federal Regulations was raised from $250 to $455. *Compare* 29 C. F. R. §§ 541.600 (2005) and 29 C. F.R. § 541.601 (2003).

**ORDER - 3**

> whose suggestions and recommendations as to the hiring,
> firing, advancement, promotion or any other change of status
> of other employees are given particular weight.

29 C.F.R. § 541.100(a) (emphasis added). *See also Barner v. City of Novato*, 17 F.3d 1256, 1260 (9th Cir. 1994). The first part of the test is called the "salary test" and the second part comprises the "duties test." *Barner*, 17 F.3d at 1260. An employee is entitled to overtime pay if the employer cannot satisfy both tests.[3] *Service Employees Int'l Union v. County of San Diego*, 60 F.3d 1346, 1350 (9th Cir. 1994).

The "primary duty"[4] analysis is extensive, and defined as:

> the principal, main, major or most important duty that the
> employee performs. Determination of an employee's primary
> duty must be based on all the facts in a particular case, with
> the major emphasis on the character of the employee's job as a
> whole. Factors to consider when determining the primary
> duty of an employee include, but are not limited to, the
> relative importance of the exempt duties as compared with
> other types of duties; the amount of time spent performing
> exempt work; the employee's relative freedom from direct
> supervision; and the relationship between the employee's
> salary and the wages paid to other employees for the kind of
> nonexempt work performed by the employee.

29 C.F.R. § 541.700.[5]

---

[3] Here, there is no dispute that Wood earned over $100,000.00 per year, but the parties dispute whether Wood's compensation was paid on a "salaried" or hourly basis. The Court concluded in its Memorandum Decision and Order that disputed issues of material fact precluded summary judgment on that issue.

[4] This provision of the FLSA was part of the Court's ruling on KSI's motion for summary judgment upon which KSI requested clarification, given Wood's high level of compensation.

[5] Section 29 C.F.R. § 541.700(c) provides an example of how an employee would primarily perform exempt executive work.

**ORDER - 4**

Additional definitions for what constitutes "management" of a "department or subdivision," supervision of "two or more other employees," and the weight given to the employee's suggestions and recommendations are set forth in 29 C.F.R. §§ 541.102–106.

**(2) *2004 Amendment: Highly Compensated Employee*[6]**

In 2004, the implementing regulations were amended to add a presumption that the exemption from overtime compensation applied to high wage-earners. *See* 29 C.F.R. § 541.601. Section 541.601 states, in pertinent part:

> (a) An employee with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if the employee customarily and regularly performs <u>any one or more</u> of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.
> (b)(1) "Total annual compensation" must include at least $455 per week paid on a salary or fee basis. Total annual compensation may also include commissions, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52-week period. . . .

29 C.F.R. § 541.601(a), (b) (emphasis added). The Department of Labor explains that the regulations are meant to exempt "highly compensated employees" if the following conditions are met:

> 1. The employee earns total annual compensation of $100,000 or more, which includes <u>at least $455 per week</u> paid on a <u>salary</u> basis;
> 2. The employee's primary duty includes performing office or

---

[6] The 2004 Amendments apply in this case, as Wood plead entitlement to overtime for pay periods between October 9, 2005, up through and including March 30, 2008. (Compl. ¶¶ 13–23, Dkt. 1-3.)

**ORDER - 5**

>non-manual work; and
>3. The employee <u>customarily and regularly</u> performs <u>at least one</u> of the exempt duties or responsibilities of an exempt executive, administrative or professional employee.

U.S. Dept. of Labor Fact Sheet #17H.[7] (emphasis added); *see also* 29 C.F.R. § 541.601(c), (d).

The Department reasons that a high level of compensation is a "strong indicator of an employee's exempt status." 29 C.F.R. § 541.601(c). Therefore, a highly compensated employee qualifies for the exemption if the employee customarily and regularly performs "any one or more" of the exempt duties of an executive, administrative or professional employee. *Id.* Accordingly, for a highly compensated employee, the extensive primary job duty analysis under 29 C.F.R. § 541.700 applicable to the executive, administrative, or professional exemption is streamlined. *See* 29 C.F.R. §§ 541.100(b), 541.200(b), 541.300(b) (noting that "primary duty" is defined at § 541.700); 29 C.F.R. § 541.601(c) (noting that a high level of compensation "eliminat[es] the need for a detailed analysis of the employee's job duties"); *see also Wong v. HSBC Mortg. Corp.*, No. C-07-2446-MMC, 2010 WL 3833661 *7 (holding that where an employee earns at least $100,000, the employee is considered a "highly compensated employee" where he performs executive or administrative duties on a greater than occasional basis).[8]

---

[7] Found at http://www.dol.gov/whd/regs/compliance/fairpay/fs17h_highly_comp.pdf (last visited April 18, 2011), and attached hereto as Appendix 1.

[8] The Court finds persuasive authority from other districts that have analyzed the "administrative" exemption under the "highly compensated" provision of the FLSA which exemplify the streamlined job duty analysis. *See In re RBC Dain Rauscher Overtime Litig.*, 703

However, while the analysis of a highly compensated executive, administrative, or professional employee's primary duties may be reduced or streamlined, the employer still must establish that the employee "customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" identified in Subparts B, C, and D of the regulations. 29 C.F.R. § 541.601(c). As an example, the Department has explained that an employee may qualify as a highly compensated executive if:

> the employee customarily and regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements in the standard test[9] for exemption as an executive.

Dept. of Labor Fact Sheet #17H. *See also* 29 C.F.R. § 541.601(c), § 541.100(a).

"'Customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." 29 C.F.R. § 541.701.

**B. *KSI's Burden of Proof at Trial***

Based upon the above discussion and authorities, to establish Wood was not

---

F. Supp. 2d 910, 943 (D. Minn. 2010); *Mamola v. Group Mfg. Servs., Inc.*, No. CV-08-1687-PHX-GMS, 2010 WL 1433491 at *12 (D. Ariz April 9, 2010); *Sarviss v. Gen. Dynamics Info. Tech.*, 663 F. Supp. 2d 883, 893 (C.D. Cal. 2009); *Ogden v. CDI Corp.*, NO. CV08-2180 PHX DGC, 2009 WL 4508502 (D. Ariz Dec. 1, 2009); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 476-477 (S.D.N.Y. 2008).

[9] See Section 1(A)(1), *supra*.

entitled to overtime pay under the FLSA, KSI must establish either (1) Wood was a highly paid salaried employee and he customarily and regularly performed any one or more of the exempt duties or responsibilities of an executive, an administrator, or professional employee;[10] or (2) Wood earned a salary, and his actual job duties meet the criteria for one of the exemptions under the more burdensome "primary duties" test of 29 C.F.R. § 541.700.

If KSI meets its burden of proving by a preponderance of the evidence that Wood was exempt from overtime compensation under the FLSA, then the jury must return a verdict that Wood was not entitled to overtime compensation.

---

[10] KSI inaccurately states the test under the highly paid employee exemption in its memorandum. (Def.'s Mem. at 5, Dkt. 56-1.) KSI asserts that it need only prove that Wood was paid on a salary basis, was not engaged in manual labor, and that he "customarily and regularly . . . engaged in any one or more exempt duties identified in 29 C.F.R. § § 541.100, 541.102, 541.200, 541.201 and 541.202." (*Id.*) However, the Sections 541.100 *et. seq.* comprise the "executive exemption," while sections 541.200 *et. seq.* comprise the "administrative exemption." Under the regulations, these are distinct exemptions. KSI appears to collapse the test. The regulations establish that a highly paid employee is exempt from overtime if that employee customarily and regularly performs one or more duties of an executive (29 C.F.R. § 541.100 *et. seq.*), or an administrator (29 C.F.R. § 541.200 *et. seq.*). Both parties agree in this case that the professional employee exemption is not applicable.

**ORDER - 8**

### C. *Affirmative Defenses Preserved for Trial*

Wood asserts two arguments in support of his position that KSI waived its right to assert either the highly paid employee exemption or the administrative exemption. First, Wood complains that KSI did not assert specific exemptions as affirmative defenses in its answer, and thereafter failed to adequately raise the defenses in its motion for summary judgment. (Resp. at 1, Dkt. 66.) Second, Wood argues that he would be highly prejudiced at this stage in the litigation if the Court allows KSI to assert the administrative exemption or highly compensated employee exemption as affirmative defenses at trial. (Resp. at 4, 6, Dkt. 66.)

FLSA exemptions are affirmative defenses that must be plead in an answer. *See Wong v. HSBC Mortg. Corp.*, No. C-07-2446 MMC, 2010 WL 3833661, *7-8 (N. Dist. Cal. Sept. 29, 2010) (holding that highly compensated employee exemption constitutes an affirmative defense to employer's duty under the FLSA to pay overtime); *Magana v. Com. of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (holding that executive and administrative employee exemptions constitute affirmative defenses to employer's duty under the FLSA to pay overtime). Affirmative defenses raised in an answer must give plaintiff fair notice of the defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *quoted in Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (noting that the focus of the inquiry is whether framing the defense as a denial deprived the plaintiff of an opportunity to rebut the defense or alter her litigation strategy accordingly). However, an answer need not raise an affirmative defense

ORDER - 9

with "technical" words if the pleading indicates that an affirmative defense has been raised. Fed. R. Civ. P. 8(d); *See also Montgomery v. Wyeth*, 580 F.3d. 455, 468 (6th Cir. 2009) (holding that the Rules do not require a "heightened pleading standard" for affirmative defenses, and that general averments satisfy Rule 8).

KSI generally asserted in its answer that it potentially would raise any and all exemptions under the FLSA. (*See* Ans. at 11-12, Dkt. 16.)[11] Therefore, Wood was on notice and should have anticipated any FLSA exemption potentially would be raised, including the highly paid employee or administrative exemption. It was Wood's burden during discovery to narrow the issues, and he cannot now claim prejudice if he failed to adequately do so.[12] Moreover, neither party disputed that Wood earned over $100,000 per year. (*See* Mem. Dec. and Order at 22, Dkt. 52.)[13] Wood was therefore on notice that KSI potentially would raise the highly paid employee exemption in whatever

---

[11] In its fifteenth affirmative defense, KSI asserted that Wood is "exempt from the overtime provisions of the FLSA." (*Id*. at 11.) In its seventeenth affirmative defense, KSI asserted that "categorizing Plaintiff as exempt complies with the provisions of the FLSA." (*Id*. at 12.)

[12] Wood claimed during the hearing that his discovery strategy may have altered had he known both the executive and administrative exemptions were at issue. The Court fails to see how the evidence relative to Wood's job duties and responsibilities would have changed had Wood known of the specific exemption KSI claimed. Moreover, the highly compensated employee exemption is limited to the exempt duties of either executives, administrators, or professional employees.

[13] In addition, KSI expressly raised the highly paid employee exemption, specifically referencing Wood's executive duties, both in its briefing in support of its Motion for Summary Judgment and at the hearing. The Court therefore finds Wood's position disingenuous, considering Wood opposed KSI's summary judgment motion on the grounds that KSI could not meet its burden of demonstrating that Wood's employment fell within either the executive exemption or the highly compensated employee exemption. (Pl.'s Mem. at 2, Dkt. 35.)

**ORDER - 10**

capacity—executive or administrative—fit the facts raised by the Complaint or came to light during discovery. Wood's objection will be overruled.

## 2. Motions in Limine

### A. *Standard of Law*

Trial judges are afforded "wide discretion" in determining whether evidence is relevant. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted) "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991) (citing *Komisaruk*, supra).

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it wold be without the evidence." Fed. R. Evid. 401. However, the Rules mandate that the court also must weigh relevant evidence, and exclude such evidence when the "probative value is substantially outweighed by the danger of. . .confusion of the issues. . .or misleading the jury. . . ." Fed. R. Evid. 403.

**B.** *Discussion*

KSI seeks to preclude the parties from introducing the following evidence: (1) information outside the statutory two or three year period; (2) character evidence concerning Wood's "hard working" nature; (3) alleged instructions givento Wood not to record overtime hours worked; (4) overtime wages paid to Wood; (5) testimony regarding double-time wages paid to similarly-situated employees under Puerto Rico laws; (6) unpaid vacation time owed to Wood; (7) KSI's financial condition; and (8) alleged damages of overtime for periods not previously known to KSI. Wood has not filed any motions in limine, but has filed a response to each of KSI's motions. Each of the motions will be addressed in turn or in combination as they relate to other motions.

### (1) *Motion in Limine No. 1 to Exclude Evidence Outside Statutory Period and Motion in Limine No. 4 to Exclude Evidence of Overtime Wages Paid*

KSI seeks an order to exclude evidence of overtime wages paid to Wood after his transfer to KSI's Southwest Region in July of 2008, because Wood has admitted he is not seeking overtime compensation for work performed after that transfer. Additionally, KSI seeks an order under Fed. R. Evid. 401, 402, and 403 to exclude evidence of alleged unpaid overtime beyond the three-year period that preceded the filing of the Complaint, because such evidence is irrelevant and prejudicial, and would unduly confuse the jury. (Def.'s Mem. Dkt. 58-1.)

Wood responds that, while he does not seek damages either for the time he worked after the transfer in July 2008 or for the time beyond the statutory two or three year time

period, evidence outside of those periods is relevant because it would establish KSI's knowledge, intent, and motive for failing to pay overtime during the statutory period. (Pl.'s Mem. Dkt. 67.) As an example, Wood contends that any overtime paid to him during periods he worked outside of the statutory period may be relevant to the issue of his salaried or hourly status. (Pl.'s Mem. at 1, Dkt. 70.)

Upon reviewing Motion Nos. 1 and 4, the Court concludes any ruling would be premature at this time. Whether such evidence or testimony is relevant and admissible will be determined at the time it is offered at trial. However, as the Court understands the case at this juncture, evidence of KSI's conduct prior to the statutory period may be relevant in establishing KSI's knowledge, intent, and motives for its alleged failure to pay overtime compensation during the statutory period for which Wood seeks damages.

For example, if Wood was employed in a position for which his actual job duties required overtime compensation, and he occupied that position both before and during the applicable statutory period, what KSI knew, did, or represented to Wood prior to the applicable statutory period may be relevant in establishing Wood's alleged entitlement to overtime compensation. And, in its Order deciding the motion for summary judgment, the Court considered three instances where Wood was paid overtime wages crucial to its decision that disputed issues of material fact prevented judgment as a matter of law concerning Wood's salaried or hourly status. (Mem. at 21–22, Dkt. 52.)

KSI's motions will therefore be denied without prejudice to KSI raising appropriate objections at trial to any evidence or testimony it considers irrelevant or

otherwise inadmissible.

### (2) *Motion in Limine No. 2 to Exclude Evidence of Wood's Character*

KSI seeks a general order pursuant to Fed. R. Evid. 404(a) and 608 that evidence of Wood's "good, honest and/or hardworking character" is inadmissible to convince the jury that he is entitled to overtime wages. (Def.'s Mem. at 2–3, Dkt. 59-1.) Wood agrees with KSI's statement of the applicable evidentiary rule and asserts that he does not intend to present character evidence contrary to the prohibitions of the Rule to prove he acted in conformity with his character on any particular occasion. However, Wood explains he intends to present evidence that he worked a certain number of hours and that describes his work habits or how his work habits were perceived by co-workers.

The Court has reviewed the motion and finds a ruling on the motion would be premature at this time. The motion encompasses evidence that may or may not be introduced at trial, and the Court can appropriately rule during trial. KSI's motion will be denied.

### (3) *Motion in Limine No. 3 to Exclude Evidence of Alleged Instructions to Plaintiff Not to Record Overtime Hours and Motion in Limine No. 8 to Limit Plaintiff's Damages to Overtime Known to Defendant*

KSI seeks an order to exclude evidence that KSI employees instructed Wood not to submit timecards with overtime hours recorded because Wood has failed to identify the individuals who so instructed him, contrary to Fed. R. Civ. P. 37(c)(1). (Def.'s Mem. at 2, Dkt. 60-1.) Related to this motion is KSI's request for an order limiting damages awarded to Wood for those overtime hours "which [Wood] contemporaneously gave notice to KSI

or which [Wood] can prove with specificity." (Mem. in Supp. at 6, Dkt. 65-1.) KSI argues that, absent knowledge by KSI of the overtime hours worked, Wood must either prove his alleged overtime hours with specificity, or be estopped from asserting overtime violations against KSI.

Wood counters that KSI never sought information in discovery concerning the specific identity of individuals who may have instructed him not to record overtime hours on his time cards, but that he generally disclosed all individuals that may have had knowledge relevant to Wood's claims in this lawsuit. (*e.g.*, Bob Portman, Alexa Koontz, Dan Schall, and Chris Durand). (Pl.'s Mem. Dkt. 69.) Wood further asserts that KSI supervisors knew he was working a significant number of overtime hours, and that under the FLSA, employers are required to keep proper records of wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Fed. R. Civ. P. 37(c) serves to foreclose any party from presenting any witness at trial who has not previously been disclosed pursuant to Fed. R. Civ. P. 26. The Court expects the parties to comply with Rules 26 and 37, and will rule appropriately if either party offers testimony from witnesses who were not previously disclosed according to the Rules. As for KSI's knowledge or lack of knowledge of the number of hours Wood claims he worked overtime, it appears such evidence will be presented at trial. KSI appears to ask for an order more akin to a jury instruction prior to the Court hearing the evidence at trial.

Therefore, upon reviewing these two motions, the Court finds that a ruling would

be premature at this time. Nevertheless, to the extent Wood disclosed individuals with knowledge of his claims, KSI was put on notice that those individuals had potentially relevant information. The court will, however, rule during trial concerning the admissibility of witness testimony if and when objections are made and before instructing the jury as to the appropriate legal standards to apply to the evidence allowed. KSI's motions will be denied.

### (4) *Motion in Limine No. 5 to Exclude Evidence or Testimony Regarding Double Time Wages*

KSI seeks an order to exclude evidence or testimony as irrelevant and prejudicial that Wood is entitled to overtime compensation at twice his hourly rate under Puerto Rico law. (Mem. in Supp., Dkt. 62-1.) Wood responds he is not claiming overtime compensation at twice his hourly rate under Puerto Rico state law, but intends to offer evidence of employees holding the same position as he received overtime compensation, albeit under Puerto Rico law. (Resp., Dkt. 71.)[14]

Both parties agree Wood's claims arise under the FLSA, not under Puerto Rico state law, which was never plead. However, similar to Motions 1 and 4, evidence of others who were paid overtime, who held the same job position as Wood, and who actually performed the same work as Wood actually performed, may be relevant to Wood's claims.

---

[14] Wood states that he has no objection to proffering a jury instruction advising the jury that, if the jury finds that Wood is entitled to overtime compensation, it should be at a rate of one and a half times his hourly rate. (Resp., Dkt. 71.)

ORDER - 16

While the Court agrees that Wood cannot claim he should be paid double time for any unpaid overtime wages, any ruling regarding the relevance of what other employees earned for the same work would be premature at this time. Whether such evidence or testimony is relevant and admissible will be determined at the time it is offered at trial. Nevertheless, the Court considers the relevance of such evidence to be extremely limited, because the inquiry as to an employee's actual job duties is highly individualized.

KSI's motion will therefore be conditionally granted. Wood may not offer evidence that would suggest entitlement to overtime compensation at a double time rate, or under any law other than the FLSA. Witness testimony on the subject of overtime compensation received for doing the same or similar work as Wood will be subject to an offer of proof at trial by Plaintiff outside the presence of the jury before any such evidence is offered.

### (5) *Motion in Limine No. 6 to Exclude Evidence of Unpaid Vacation Time*

KSI seeks an order to exclude evidence of unpaid vacation time because vacation pay is not compensable under the FLSA, any such evidence is irrelevant, and the Court dismissed Wood's claims to vacation pay in its order deciding the motion for summary judgment. Wood responds that KSI's failure to pay vacation time owed to Wood is relevant to establish KSI's alleged willful refusal to pay overtime. (Resp., Dkt. 72.) In other words, Wood explains KSI's prior practices relating to when it did or did not pay Plaintiff money it "rightfully owed to the Plaintiff" is relevant to the issue of willfulness.

ORDER - 17

The Court held that the statute of limitations barred Wood's claim for wages under state law in the form of unpaid vacation pay. (Mem. Decision and Ord. at 8–11, n.6, Dkt. 52.) Because the Court ruled based upon the statute of limitations, it never decided whether Wood contractually was entitled to vacation pay. (Mem. at 9–10, Dkt. 52.) Wood's argument, however, would require him to prove that he was "rightfully owed" vacation pay under his alleged contract before he could introduce evidence as to KSI's willfulness, which in turn is only relevant to establish KSI's alleged state of mind not to pay overtime wages under the FLSA. But Wood's claim for wages in the form of unpaid vacation pay is not covered by the FLSA. *See* 29 U.S.C. § 207(a)(1).

Under the circumstances in this case, the Court finds that, in light of its ruling on the motion for summary judgment, evidence of KSI's alleged failure to pay wages in the form of vacation pay is not relevant, offers little, if any, probative value, and would potentially confuse the jury. Accordingly, the Court will conditionally grant the motion subject to an offer of proof at trial by Plaintiff outside the presence of the jury and before any such evidence is offered.

### (6) *Motion in Limine No. 7 to Exclude Evidence of Financial Condition of Defendant*

KSI seeks to exclude evidence regarding KSI's financial condition or its ability to pay any verdict against it under Fed. R. Evid. 401, 402, and 403. Wood responds that KSI has placed its financial condition in issue because Ms. Koontz's affidavit represented KSI would never have paid Wood overtime since his hourly rate as determined by his annual salary would have been too high to be profitable or chargeable to jobs.

Wood misses the point of KSI's motion. Ms. Koontz's affidavit explains KSI's alleged rationale for not paying Wood overtime between 2003 and 2009 based upon his high salary. However, KSI seeks to exclude evidence of its current financial condition or ability to pay a verdict should one be rendered against it at trial. KSI correctly states the relevant law that the financial standing of the defendant is "inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here again, however, a ruling on such evidence at this stage would be premature. Wood has not asserted it intends to introduce evidence of KSI's current ability to pay a potential verdict. And Ms. Koontz's testimony may or may not be relevant and admissible at trial depending upon the evidence and testimony presented.[15] Therefore, any ruling will

---

[15] Wood suggests that Ms. Koontz's testimony in this regard may be evidence of KSI's willfulness under the FLSA. If an employer's conduct constitutes a willful violation of the FLSA, 29 U.S.C. § 255(a) permits extension of the FLSA's two-year statute of limitations to a three-year period. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003). For the three-year period to apply, an employer "need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the

be deferred until such evidence is offered at trial, and KSI's motion will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motions in Limine Nos. 1–4, and 7–8 (Dkt. 58, 59, 60, 61, 64 and 65) are **DENIED**.

2) Defendant's Motions in Limine Nos. 5 and 6 (Dkt. 62, 63) are **CONDITIONALLY GRANTED**.

3) Defendant's Motion for Clarification Regarding the Fair Labor Standards Act Highly Compensated Employee Exemption (Dkt. 56) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** the parties shall advise opposing counsel as well as the Court in advance of when they anticipate evidentiary issues to arise so that, if necessary, the Court can consider such issues outside the presence of the jury. The parties are instructed to jointly communicate with the Court's Staff Attorney throughout the day and at the end of each day of trial regarding upcoming issues.

Dated: **April 19, 2011**

Honorable Candy W. Dale
United States Magistrate Judge

---

statute," although the Court may not presume that conduct was willful in the absence of evidence. *Id* at 908–09. To prove a particular FLSA violation willful under § 255, the Supreme Court has generally required evidence of an employer's "kn[owing] or [ ] reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id*. at 909 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). Plaintiff must show that "the proof demonstrate[s] [that Defendant] recklessly disregarded the possibility that [it] was violating the FLSA." *Id.*

**ORDER - 20**