UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual, | |
| Plaintiff, | Case No. 1:09-CV-579-CWD |
| vs. | **JURY INSTRUCTIONS AND SPECIAL VERDICT** |
| KINETIC SYSTEMS, INC., a California corporation, | |
| Defendant. | |

Dated: **May 06, 2011**

Honorable Candy W. Dale
United States Magistrate Judge

# PRE-CLOSING INSTRUCTIONS

| | | |
|---|---|---|
| (1) | Duty of Jury | 9CIV 1.1C |
| (2) | What Is Evidence | 9CIV 1.6 |
| (3) | What Is Not Evidence | 9CIV 1.7 |
| (4) | Direct and Circumstantial Evidence | 9CIV 1.9 |
| (5) | Ruling on Objections | 9CIV 1.10 |
| (6) | Evidence for Limited Purpose | 9CIV 1.8 |
| (7) | Impeachment Evidence - Witness | 9CIV 2.8 |
| (8) | Stipulations of Fact  (Not Given) | 9CIV 2.2 |
| (9) | Charts and Summaries Not Received in Evidence | 9CIV 2.12 |
| (10) | Charts and Summaries in Evidence | 9CIV 2.13 |
| (11) | Credibility of Witnesses | 9CIV 1.11 |
| (12) | Burden of Proof - Preponderance of the Evidence | 9CIV 1.3 |
| (13) | Liability of Corporations - Scope of Authority Not in Issue | 9CIV 4.2 |
| (14) | Corporations and Partnerships - Fair Treatment | 9CIV 4.1 |
| (15) | FLSA Elements | |

(16)        Determining Hours Worked

(17)        Overtime Compensation Determination

(18)        Definition---Workweek

(19)        Definition--Hours Worked

(20)        Travel or Commute Time

(21)        Highly Compensated Employee Exemption (Executive &
            Administrative)

(22)        Job Title Insufficient

(23)        Highly Compensated Executive Employee Exemption

(24)        Definition---Salary Basis

(25)        Definition--Customarily and Regularly

(26)        Definition---Customarily Recognized Department or
            Subdivision

(27)        Definition---Management

(28)        Definition---Two or More Other Employees

(29)        Definition---Particular Weight

(30)        Highly Compensated Administrative Employee Exemption

(31)      Definition---Directly Related to the Management or General Business Operations

(32)      Definition---Discretion and Independent Judgment

(33)      Waiver

(34)      Damages - Proof                  9CIV 5.1

(35)      Damages

(36)      Definition--Regular Rate of Pay

(37)      Definition--Willful Violation

(38)      Statute of Limitations

(39)      Form of Verdict

             Special Verdict                  verdict form

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you again:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not have tried to guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 6

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 7

The evidence that a witness testified falsely or on a prior occasion said or did something inconsistent with the witness's testimony at trial may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

INSTRUCTION NO. 8

Not given

INSTRUCTION NO. 9

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 10

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicted the witness's testimony;

    (6)    the reasonableness of the witness's testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 12

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 13

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. 14

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 15

This case arises under the Fair Labor Standards Act, which is a federal law that provides for the payment of overtime compensation for hours worked in excess of forty hours per week unless an exemption applies.

Here, Mr. Wood claims that Kinetic Systems, Inc. was required under the Fair Labor Standards Act to pay Mr. Wood overtime compensation. In order to prevail on this claim, Mr. Wood must prove each of the following elements by a preponderence of the evidence:

1.      Mr. Wood was employed by Kinetic Systems on or after the pay period ending October 8, 2006;

2.      Mr. Wood was an employee employed by an enterprise engaged in commerce or in the production of goods for commerce; and

3.      Kinetic Systems failed to pay Mr. Wood the overtime compensation required by the Fair Labor Standards Act.

On the verdict form you will be asked a series of questions concerning each of these factual issues.

The parties have stipulated or agreed to the first and second elements listed above. In other words, the parties agree that Mr. Wood was employed by Kinetic Systems and Mr. Wood was employed by an enterprise engaged in commerce or in the production of goods for commerce. You should consider these two elements to be established.

If you find Mr. Wood has proven each of the elements, you must consider whether Kinetic Systems has proven its affirmative defenses. Kinetic Systems claims that even if you should find that Mr. Wood has proven all the necessary facts that must be proved to establish his claim, the overtime pay provisions do not apply because of an exemption from these requirements.

However, if you find that Kinetic Systems has satisfied you by a preponderance of the evidence that Mr. Wood's employment is exempt from the overtime pay provisions of the Fair Labor Standards Act, then your verdict should be for Kinetic Systems.

If, however, you find that Mr. Wood has proved his claim, and that Kinetic Systems has failed to establish an exemption, then you must turn to the question of damages that Mr. Wood is entitled to recover.

INSTRUCTION NO. 16

You must determine the number of hours worked by the Plaintiff based on all of the evidence. The Defendant is legally required to maintain accurate records of its employees' hours worked. If you find that the Defendant failed to maintain records of the Plaintiff's hours worked or that the records kept by the Defendant are inaccurate, you must accept the Plaintiff's estimate of hours worked if the plaintiff produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

Once the Plaintiff has produced evidence that he has in fact performed work for which he was not properly compensated, the Defendant must present sufficient evidence sufficient to negate the reasonableness of the inference to be drawn from the Plaintiff's evidence. If the employer fails to make such a showing, damages may be awarded to the Plaintiff even if the result is only approximate.

INSTRUCTION NO. 17

An employer must pay overtime compensation to an employee who is not exempt from the FLSA's overtime pay requirements. Overtime compensation must be paid in any workweek in which an employee has more than 40 "hours worked," as the term "hours worked" is defined in these instructions. Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours.

INSTRUCTION NO. 18

An employee's workweek is a fixed and regularly recurring period of seven days or 168 hours, as designated by the employer.  In this case, the parties have stipulated that the workweek began on Monday and ended on Sunday.

## INSTRUCTION NO. 19

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Time constitutes "hours worked" if the employer knows or should have known that work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

An employer who knows or should have known that the employee is or was working overtime must comply with the overtime compensation provisions of the FLSA, even if the employee does not make a claim for the overtime compensation. It is the Plaintiff's burden of proving, by a preponderance of the evidence, that Defendant knew or should have known that the Plaintiff was working overtime.

INSTRUCTION NO. 20

An employee who travels from home before their regular work day and returns home at the end of the work day is engaged in ordinary home to work travel, which is a normal part of employment. Normal travel from home to work is not work time and is not compensable.

However, time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and carry or transport tools or materials, the travel from the designated place to the job site is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice.

INSTRUCTION NO. 21

Under the FLSA, an employer is not required to pay overtime compensation to employees who are exempt from the FLSA overtime requirements. Defendant claims that Plaintiff Ronald Wood was exempt from the overtime requirements because he was a highly compensated employee, and meets either the exemption for highly compensated executive employees or, in the alternative, highly compensated administrative employees. Defendant bears the burden of proving that Plaintiff was an exempt, highly compensated executive or administrative employee.

INSTRUCTION NO. 22

For purposes of determining if an employee is eligible for overtime compensation under the FLSA, a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of applicable law.

INSTRUCTION NO. 23

One of the exemptions claimed by the Defendant is the highly compensated executive exemption. To receive the benefit of this exemption and satisfy its burden of proof, Defendant must prove each of the following elements by a preponderance of the evidence:

1.     Plaintiff earned total annual compensation of at least $100,000.00 annually;

2.     Plaintiff was compensated on a salary basis;

3.     Plaintiff's primary duty included performing office or non-manual work; and

4.     Plaintiff "customarily and regularly" performed any one or more of the following exempt duties or responsibilities:

- management of the enterprise in which the employee was employed or of a customarily recognized department or subdivision thereof;

- customarily and regularly directed the work of two or more other employees; or

- had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

The Plaintiff and Defendant have stipulated, or agreed, that Plaintiff was paid more than $100,000.00 each of the years relevant to this lawsuit. Therefore,

you must find that the first element of Defendant's burden of proof has been

established.

INSTRUCTION NO. 24

An employee is paid on a "salary basis" if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, and the amount is not subject to reduction because of variations in the quality or quantity the work performed. An exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.

INSTRUCTION NO. 25

The phrase "customarily and regularly," as used in these instructions, means a frequency that must be greater than occasional but which may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

INSTRUCTION NO. 26

The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and function. A customarily recognized department or subdivision must have a permanent status and a continuing function. For example, a large employer's human resources department might have subdivisions for labor relations, pensions and other benefits, equal employment opportunity, and personnel management, each of which has a permanent status and function.

When an enterprise has more than one establishment, the employee in charge of each establishment may be considered in charge of a recognized subdivision of the enterprise.

A recognized department or subdivision need not be physically within the employer's establishment and may move from place to place. The mere fact that the employee works in more than one location does not invalidate the exemption if other factors show that the employee is actually in charge of a recognized unit with a continuing function in the organization.

Continuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function. An otherwise exempt employee will not lose the exemption merely because the employee draws and supervises

workers from a pool or supervises a team of workers drawn from other recognized

units, if other factors are present that indicate that the employee is in charge of a

recognized unit with a continuing function.

INSTRUCTION NO. 27

Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

INSTRUCTION NO. 28

The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent.

INSTRUCTION NO. 29

To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an employee's suggestions and recommendations must pertain to employees whom the employee customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

INSTRUCTION NO. 30

The other exemption claimed by the Defendant is the highly compensated administrative exemption. To receive the benefit of this exemption and satisfy its burden of proof, Defendant must prove each of the following elements by a preponderance of the evidence:

1.     Plaintiff earned total annual compensation of at least $100,000.00 annually;

2.     Plaintiff was compensated on a salary basis;

3.     Plaintiff's primary duty included performing office or non-manual work; and

4.     Plaintiff "customarily and regularly" performed any one or more of the following exempt duties or responsibilities:

• performed office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; or

• whose work included the exercise of discretion and independent judgment with respect to matters of significance.

The Plaintiff and Defendant have stipulated, or agreed, that Plaintiff was paid more than $100,000.00 each of the years relevant to this lawsuit. Therefore, you must find that the first element of Defendant's burden of proof with respect to the highly compensated administrative exemption has been established.

INSTRUCTION NO. 31

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee, and can relate to work of the employer or the employer's customers.

To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work "directly related to management or general business operations" includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.

Work can also be "directly related to the management or general business operations" if it relates to the employer's customers. This includes, for example, employees acting as advisers or consultants to their employer's clients or customers, such as tax experts or financial consultants.

INSTRUCTION NO. 32

The phrase "discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the

employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. It does not require, however, that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.

INSTRUCTION NO. 33

An employee cannot waive or contract away his rights under the Fair Labor Standards Act. To do so is contrary to public policy and forbidden by law.

However, the parties' agreement or the terms of employment, whether written or oral, are determinative concerning the regular rate of pay.

INSTRUCTION NO. 34

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claim and find that the defendant has not proven its affirmative defenses, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 35

If you find in favor of Plaintiff under Instruction No. 15 and you find against Defendant under Instruction Nos. 23 and 30, you must award Plaintiff damages in the amount that Plaintiff should have been paid in compensation, less what Defendant actually paid Plaintiff.

The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours each workweek, times the regular rate for that workweek, times one and one-half (1.5), as set forth in Instruction No. 17.

You must calculate these amounts separately for each workweek. In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing Defendant.

INSTRUCTION NO. 36

An employee's "regular rate of pay" is determined by totaling all the compensation that should have been paid to the employee for the workweek, excluding any overtime premium pay and any pay for vacation, holiday, or illness, and then dividing that total by all of the employee's hours worked for that workweek.

If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate of pay."

If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay is computed by dividing the salary by the number of hours which the salary is intended to compensate. For example, if an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40-hour week his regular rate is $5.52 an hour.

INSTRUCTION NO. 37

If you find in favor of the Plaintiff that he is entitled to damages, and against the Defendant on its affirmative defenses, you must determine whether the Defendant's failure to pay overtime compensation was willful. The Defendant's failure to pay overtime compensation was willful if it has been proved that the Defendant knew that its conduct was prohibited by the FLSA regarding overtime pay, or showed reckless disregard for whether its conduct was prohibited by the FLSA regarding overtime pay. Mere negligence is not enough to prove that the Defendant's conduct was willful. It is the Plaintiff's burden to establish that the Defendant's conduct was willful.

INSTRUCTION NO. 38

The FLSA limits the amount of damages a Plaintiff can recover. The Plaintiff is entitled to recover damages for overtime work performed and not paid for two years prior to the time this lawsuit was filed, unless you find that the Defendant's conduct was willful. "Willful" has been defined for you in these instructions. If you find that the Defendant's conduct was willful, the Plaintiff is entitled to recover damages for overtime work performed and not paid for three years prior to the time this lawsuit was filed. Plaintiff filed this lawsuit on October 8, 2009.

INSTRUCTION NO. 39

A Verdict Form has been prepared for you.  The form consists of a series of questions that you are to answer.  The bailiff will hand it out to you now so we can review it.


**[form of verdict read]**


You will take this Verdict Form with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill it in, date, and sign the Verdict Form which sets forth the verdict upon which you agree.  You will then return with your verdict to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD, an individual, | |
| Plaintiff, | Case No. 1:09-CV-579-CWD |
| vs. | **SPECIAL VERDICT** |
| KINETIC SYSTEMS, INC., a California corporation, | |
| Defendant. | |

We, the jury empaneled in the above-entitled action, unanimously find by a preponderance of the evidence as follows:

**QUESTION 1:**    Did Plaintiff work in excess of forty hours during any of the weeks for pay periods ending October 8, 2006, through March 30, 2008, while employed by the Defendant?

Yes_____                    No_____

If you answered "yes" to question 1, please answer questions 2 and 3. If you answered "no" to question 1, please sign and date the verdict form and notify the bailiff.

SPECIAL VERDICT - 1

**QUESTION 2:**   Was the Plaintiff a highly compensated executive employee exempt from the overtime pay provisions of the Fair Labor Standards Act?

Yes_____              No_____

Regardless of your answer to question 2, please answer question 3.

**QUESTION 3:**   Was the Plaintiff a highly compensated administrative employee exempt from the overtime pay provisions of the Fair Labor Standards Act?

Yes_____              No_____


If you answered "yes" to either question 2 or question 3, please sign and date the verdict form and notify the bailiff. If you answered "no" to both question 2 and 3, please answer question 4.

**QUESTION 4:**   Did the Defendant fail to pay the Plaintiff overtime compensation for those hours worked in excess of forty hours per week?

Yes_____              No_____

If you answered "yes" to question 4, please continue with question 5. If you answered "no" to question 4, please sign and date the verdict form and notify the bailiff.


SPECIAL VERDICT - 2

**QUESTION 5:**   Do you find that Defendant's failure to pay Plaintiff overtime compensation was willful?

Yes_____          No_____

If you answered "yes" to question 5, please answer questions 6 and 7. If you answered "no" to question 5, please answer questions 8 and 9.

**QUESTION 6:**   Having found that the Plaintiff worked in excess of forty hours per week while employed by the Defendant, how many hours of overtime did you determine were subject to overtime pay for the pay periods ending on the following time frames for which Plaintiff is claiming he was not paid overtime compensation?

Coors Project 10/08/2006 - 11/05/2006:  _____

Lilly Project 02/25/2007 - 06/10/2007:  _____

GSK Project 09/02/2007 – 11/18/2007:  _____

Biogen Project 01/20/2008 - 03/30/2008:  _____

SPECIAL VERDICT - 3

**QUESTION 7:** What was the Plaintiff's regular rate of pay for the pay periods during which he is claiming he was not paid overtime compensation?

Coors Project 10/08/2006 - 11/05/2006:  _____

Lilly Project 02/25/2007 - 06/10/2007:  _____

GSK Project 09/02/2007 - 11/18/2007:  _____

Biogen Project 01/20/2008 - 02/03/2008:  _____

Biogen Project 02/04/2008 - 03/30/2008:  _____


Please proceed to question 10.


**QUESTION 8:**     Having found that the Plaintiff worked in excess of forty hours per week while employed by the Defendant, how many hours of overtime did you determine were subject to overtime pay for the pay periods ending on the following time frames for which Plaintiff is claiming he was not paid overtime compensation?

GSK Project 10/08/2007 – 11/18/2007:  _____

Biogen Project 01/20/2008 - 03/30/2008:  _____


SPECIAL VERDICT - 4

**QUESTION 9:** What was the Plaintiff's regular rate of pay for the pay periods during which he is claiming he was not paid overtime compensation?

GSK Project 10/08/2007 - 11/18/2007: _____

Biogen Project 01/20/2008 - 02/03/2008: _____

Biogen Project 02/04/2008 - 03/30/2008: _____

Please answer question 10.

**QUESTION 10:** What is the amount that should be awarded to Plaintiff as damages?

$_____

Please sign and date the verdict form and notify the bailiff.

Date:_____          _____
                                 Foreperson

SPECIAL VERDICT - 5