UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD WOOD,<br><br>               Plaintiff,<br><br>vs.<br>KINETIC SYSTEMS, INC., a California corporation,<br><br>               Defendant. | Case No. 1:09-CV-579-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Kinetic Systems, Inc.'s Motion for Limited Attorney Fees. (Dkt. 127.) In its motion, KSI seeks $237,344.25 in attorney fees under Idaho Code § 12-120(3), incurred in defense of Ronald Wood's state law claims for breach of contract, defamation, and unpaid wages under the Idaho Wage Claim Act, which claims were dismissed by the Court upon KSI's Motion for Summary Judgment. (Dkt. 52.) For the reasons explained below, KSI's motion will be denied.[1]

---

[1] Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Wood filed his Complaint in this matter on October 8, 2009, in the Fourth Judicial District of the State of Idaho, and the matter was subsequently removed to this Court. The Complaint asserted a wage claim under Idaho Code § 45-606 and a breach of contract claim for unpaid wages owed as both overtime pay and vacation pay from January 1, 2000 through January 20, 2009. In addition, Wood asserted two claims under the Fair Labor Standards Act ("FLSA"), both for failure to pay overtime during the two year period immediately preceding the filing of the complaint, or alternatively during the three year period immediately preceding the filing of the complaint. The fifth and final count in the Complaint was for defamation.

KSI filed a motion for summary judgment on October 12, 2010. After considering the written memoranda and the parties' oral arguments, the Court issued a written memorandum and order dismissing Wood's claim under Idaho's Wage Claim Act and his breach of contract claim because the six month statute of limitations contained within Idaho Code § 45-614 barred the claims for unpaid overtime and vacation pay in Counts I and II of the Complaint. The Court dismissed the defamation claim based upon Wood's stipulation to dismiss that claim. (Dkt. 52.)

KSI argues that Idaho Code § 12-120(3), which mandates an award of attorney fees to a prevailing party in a civil action involving a commercial transaction based upon a contract, entitles it to fees considering it prevailed in its defense of the three state law claims. KSI contends that the terms of the employment agreement between Wood and KSI were central to the litigation, because Wood argued that, according to its terms, he

**MEMORANDUM DECISION AND ORDER - 2**

was an hourly non-exempt employee, not a salaried exempt employee, and was therefore entitled to overtime pay.

Wood points out that the Court dismissed the breach of contract claim and the wage claim under the Idaho Wage Claim Act, and therefore the Act is the exclusive source of authority for an award of fees, not Idaho Code § 12-120(3). Wood argues that Idaho Code § 45-612(2), the Act's fee statute, was not pled as a basis for fees, nor would KSI be entitled to fees had it been properly pled. As for the defamation claim, Wood contends that Idaho law does not permit an award of fees when the claim is a tort claim.

KSI disagrees that Idaho Code § 45-612(2) is the exclusive basis for an award of fees, arguing that the terms of the employment agreement constituted the "gravamen" of this lawsuit from its inception through trial. Wood's reliance upon the terms of agreement concerning his job position, rate of pay, and expected hours, KSI contends, meant that the contract was integral to the entire lawsuit and, therefore, Idaho Code § 12-120(3) is properly invoked as a basis for an award of attorney fees.

## ANALYSIS

In its memorandum decision and order, the Court held that Wood's claim for unpaid wages, asserted both under Idaho's Wage Claim Act and alternatively under a breach of contract theory, fell within the parameters of the Wage Claim Act. (Mem. at 8 Dkt. 52) (citing *Johnson v. Allied Stores Co.*, 679 P.2d 640, 644 (Idaho 1984) (explaining the application of the limitations period in Idaho Code § 45-614, and holding that a claim for unpaid wages under a breach of contract theory falls within the parameters of Idaho Code § 45-608)). The Court held that the six month limitations period contained in Idaho

**MEMORANDUM DECISION AND ORDER - 3**

Code § 45-614 applied to both claims, and Counts I and II were untimely filed some ten months after KSI terminated Wood's employment. *Id.*

Considering Idaho law requires analysis of a claim for wages under a breach of contract theory to be made pursuant to the Wage Claim Act, it follows that the Wage Claim Act provides the exclusive remedy for attorney fees when an employee files a claim for wages. In *Polk v. Larrabee*, 17 P.3d 247, 259 (Idaho 2000), the Idaho Supreme Court considered and rejected an argument similar to KSI's argument in this case. The plaintiffs brought a claim for unpaid wages against their employer, and the amount of wages claimed was based upon the terms of the plaintiffs' employment agreement regarding compensation. The jury determined that the defendant employer had breached the employment agreement, and awarded wages due and owing under the Wage Claim Act. On appeal, both parties claimed attorney fees under Idaho Code § 12-120.

The court in *Polk* declined to consider an award of attorney fees under Idaho Code § 12-120, holding that Idaho Code § 45-612(2) was the exclusive remedy for attorney fees available to an employer when an employee has brought a claim for wages. *Polk*, 17 P.3d at 259. The court so held even though the jury found also that the employer had breached the employment contract.

Similarly, in *Bilow v. Preco, Inc.*, 966 P.2d 23 (Idaho 1998), the Idaho Supreme Court rejected a claim for attorney fees under Idaho Code § 12-120(3), because Idaho Code §§ 45-615 and 45-617 were "the exclusive code sections under which an employee can recover attorney fees when the employee brings a claim for wages and treble damages." *Billow*, 966 P.2d at 32. The court squarely rejected the plaintiff's argument

**MEMORANDUM DECISION AND ORDER - 4**

that, because he also brought a claim for wages under a breach of contract theory, he could seek attorney fees under Idaho Code § 12-120(3). The court explained *Hutchison v. Anderson*, 950 P.2d 1275 (Idaho Ct. App. 1997), had considered and rejected the same argument, and it adopted *Hutchison*'s reasoning. *Bilow*, 966 p.2d at 32—33. In sum, even though the plaintiff brought a breach of contract claim, the remedy sought was a claim for wages under the Idaho Wage Claim Act; therefore, the Wage Claim Act is the exclusive source of any attorney fee award. *Bilow*, 966 P.2d at 33. *See also Shay v. Cesler*, 977 P.2d 199 (Idaho 1999) (holding that employer could not recover attorney fees under Idaho Code § 12-120(2) when an employee brought a claim for wages).

KSI failed to adequately address any of the above cited cases,[2] arguing instead that, because it was forced to litigate the terms of the parties' agreement throughout this case, the employment agreement was the foundation of the lawsuit. It was. However, the underlying terms of the parties' employment agreement as it relates to compensation is generally the basis upon which a claim for wages is based. *See, e.g.*, *Bilow*, 966 P.2d at 27—28 (wherein the court construed the parties' agreement to determine how compensation was calculated). Idaho Code § 45-614 specifically mentions that an action to collect wages is premised upon the terms of a contract of employment. But that does not transform the employee's claim for wages into a breach of contract action for which fees are awarded under Idaho Code § 12-120(3), especially considering the weight of authority to the contrary.

---

[2] KSI attempted to distinguish *Shay*, arguing that *Shay* was a wage claim whereas this case was based upon breach of contract. *Shay* is not distinguishable. Wood sought unpaid wages, in the form of overtime pay, both under the Wage Claim Act and the FLSA.

**MEMORANDUM DECISION AND ORDER - 5**

Moreover, in support of its motion for summary judgment, KSI specifically argued that Wood's breach of contract action fell within the purview of the Wage Claim Act, and it sought to apply the six month statute of limitations under Idaho Code § 45-614. KSI cannot now claim that the breach of contract action stands apart from the claim for wages and seek fees under Idaho Code § 12-120(3).

As for KSI's other claim that fees are proper considering it prevailed in its defense of the defamation claim, KSI failed to address Wood's argument that fees are not available to the prevailing party when the claim is premised in tort. Nor did KSI cite a statutory basis for an award of fees other than Idaho Code § 12-120(3). Wood is correct that attorney fees generally are not awarded for an action in tort. *Student Loan Fund of Idaho, Inc. v. Duerner*, 951 P.3d 1272, 1282 (Idaho 1997) (denying attorney fees to the prevailing party attributable to a defamation claim because "attorney's fees are not awarded for actions in tort"). Even if fees were properly awarded, KSI has not provided the Court with a method of discerning, from the $237,344.25 claimed, the amount of fees attributable to KSI's defense of Wood's defamation claim. Without any further guidance, the Court is not inclined to undertake such an exercise.

## CONCLUSION

Based upon the foregoing analysis and the weight of authority, attorney fees are not properly claimed under Idaho Code § 12-120(3) in this case. KSI failed to plead fees are proper under Idaho Code § 45-615, and therefore KSI's request for fees will be denied. In addition, as to the defamation claim, fees are not proper considering the claim was a tort claim.

**MEMORANDUM DECISION AND ORDER - 6**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion for Limited Attorneys' Fees (Dkt. 127) is **DENIED**.

Dated: **October 05, 2011**

Honorable Candy W. Dale
United States Magistrate Judge